UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FEIGE, On Behalf of Himself and All Other Persons Similarly Situated,

    *Plaintiff,*

-against-

RCN CORPORATION,

    *Defendant.*

Case No. 07 cv 8539 (AKH)

**AFFIDAVIT OF JOSEPH A. PATELLA IN SUPPORT OF MOTION TO DISMISS**

STATE OF NEW YORK )
         ) ss.:
COUNTY OF NEW YORK )

Joseph A. Patella, being duly sworn deposes and says:

1. I am an attorney with the law firm of Andrews Kurth LLP, attorneys for Defendant RCN Corporation ("RCN") in this action. I submit this affidavit in support of RCN's motion, pursuant to Fed.R.Civ.P. 12(b)(6), dismissing Plaintiff's claims under Section 349 of the New York General Business Law ("GBL") and Section 202(a) of the Federal Communications Act ("FCA").

2. Plaintiff commenced this action by filing a purported Class Action Complaint (the "Complaint") on October 2, 2007. A copy of the Complaint is attached hereto as Exhibit A.

3. As more fully set forth in the accompanying Memorandum of Law, Plaintiff cannot state a claim under either NY GBL § 349 or FCA § 202(a) and thus both causes of action should be dismissed as a matter of law.

                 _____
                 Joseph A. Patella

Subscribed and sworn to before
me this 14th day of December 2007

_____
Notary Public

ANJU UCHIMA
Notary Public, State of New York
No. 02UC6006161
Qualified in New York County
Commission Expires April 27, 2090

NYC:170707.1

# EXHIBIT A

JUDGE ROBINSON

07 CIV 8539

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID FEIGE, On Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RCN CORPORATION,<br><br>Defendant. | No.<br><br>**CLASS ACTION COMPLAINT** |

### NATURE OF ACTION

1. Plaintiff David Feige, by and through his undersigned counsel, individually and on behalf of the class of others similarly situated, brings this action against defendant RCN Corporation ("RCN") for deceptive business practices in violation of the New York General Business Law, § 349 ("GBL §349") and Sections 201(b) and 202(a) of the Federal Communications Act ("FCA").

2. Plaintiff brings his FCA claim on behalf of all persons that have had difficulty or have been prevented from cancelling telephone services from RCN at any time from October 2, 2005 to the present (the "Voice Class").

3. Plaintiff brings his GBL §349 claim on behalf of all persons in New York that have had difficulty or have been prevented from cancelling Internet, telephone or cable television services from RCN at any time from October 2, 2004 to the present (the "New York Class").

4. RCN utilizes unreasonable and deceptive practices to keep customers from switching their Internet, telephone and cable television services to RCN's competitors. As a result of these practices, customers have had to spend countless hours on the phone with RCN's customer service and/or pay more for services to RCN than they would have paid to RCN's competitors.

5. Plaintiff brings this action to enjoin RCN from continuing its deceptive and unlawful practices, for damages under the FCA, and for disgorgement of all profits attributable to

RCN's unlawful practices.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff states a claim under Section 202 of the Federal Communications Act.

7. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the matter in controversy in this class action exceeds $5,000,000, exclusive of interest, costs, and attorney's fees, and there is complete diversity among the parties: Defendant RCN is a corporate resident of Delaware, and Plaintiff and the members of the Class are residents of New York.

8. Personal jurisdiction and venue are proper in this District inasmuch as Plaintiff resides in this District, and Defendant conducts a substantial amount of business in this District.

## THE PARTIES

9. Plaintiff resides in New York, New York. Plaintiff is a customer of RCN's telephone service.

10. Defendant RCN is a provider of voice or telephone service ("RCN Voice Service"), as well as video and high-speed data (Internet) (collectively, "RCN's Services"). RCN provides these services over its fiber-optic local network to approximately 406,000 residential and small business customers in Boston, New York, eastern Pennsylvania, Washington, D.C., and Chicago. RCN is publicly traded on the NASDAQ under the symbol "RCNI." RCN maintains its corporate headquarters at 196 Van Buren Street, Herndon, Virginia.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated who subscribed to RCN's Voice Service from October 2, 2004 through the present (the "Voice Class"), as well as a class all others similarly situated who subscribed to RCN's Services and such services in New York from October 2, 2004 (the "New York Class"). Excluded from the Classes are the officers, directors and employees (and the immediate families thereof) of

Class Action Complaint 2

defendant, any of defendant's subsidiaries or affiliates; any director, officer and employee (and the immediate families thereof) of any subsidiary or affiliate; any entity in which defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any excluded person or entity. This class action seeks certification under Rule 23(b)(2) and Rule 23(b)(3).

12. Members of the Classes are so numerous that joinder of all members is impracticable. RCN has 406,000 customers overall. The members of the New York Class number at least in the thousands. The exact number of the members of the Classes and their addresses can be ascertained from the books and records of Defendant through discovery.

13. Common questions of law and fact exist as to all members of the Voice Class and predominate over any questions affecting solely any individual members of the Class, including the following:

   (a) whether Defendant is a common carrier; and
   (b) whether Defendant's actions in preventing plaintiff and the members of the Class from cancelling RCN's Services violated 47 U.S.C. §§ 201, 202.

14. Common questions of law and fact exist as to all members of the New York Class and predominate over any questions affecting solely any individual members of the Class, including the following:

   (a) whether Defendant's actions in preventing plaintiff and the members of the Class from cancelling RCN's Services violated GBL § 349; and
   (b) whether Defendant profited from the unlawful practices described herein.

15. Plaintiff is a member of both Classes.

16. Plaintiff's claims are typical of the claims of both Classes, and Plaintiff has the same interests as the other members of either Class.

17. Plaintiff will fairly and adequately represent and protect the interests of the both Classes. Plaintiff has retained able counsel with extensive experience in breach of contract, consumer fraud and class action litigation. The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other members of the Classes.

18. The questions of law and fact common to the members of both Classes predominate over

any questions affecting only individual members, including legal and factual issues relating to liability and damages.

19. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual members of either Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes individually to redress the wrongs done to them. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiff will encounter no difficulty in managing this action as a class action.

## SUBSTANTIVE ALLEGATIONS

21. Plaintiff subscribed to RCN's Services in approximately March 2005.

22. In September 2007, Plaintiff attempted to transfer his telephone service to Vonage, a competitor of RCN. Plaintiff was informed that his number had a "freeze feature" on it, and that he would have to contact RCN to remove that feature before his number could be transferred to Vonage.

23. According to RCN's Terms and Conditions, a customer must call RCN's customer service department to cancel RCN's Services.

24. Plaintiff attempted to contact RCN and cancel his telephone service on several occasions. Each time he called RCN and informed RCN's customer service representative that he wished to cancel his service, he was placed on hold for periods of times so lengthy that he was forced to hang up. On one occasion, plaintiff was placed on hold for 45 minutes after which time the call was disconnected.

25. On information and belief, RCN has a policy to treat all customers who wish to cancel in the same manner.

26. On information and belief, in addition to the practice described above, RCN also transfers

subscribers who wish to cancel from one department to another until they get frustrated and hang up.

27. RCN engages in these practices to prevent its subscribers from cancelling RCN's Services. As a result, RCN continues to receive revenue from these subscribers.

28. RCN has previously been accused of not providing reasonable customer service to its customers. In 2001, RCN entered into an Assurance of Discontinuance with the New York Attorney General's Office in under which it agreed to maintain "sufficient staff and sufficient toll free telephone lines to enable New York residents to make telephone inquiries and complaints and to respond to such consumer inquiries and complaints promptly and adequately."

29. RCN's practices are particularly egregious in light of its policy that customers may only cancel by calling RCN's Customer Service number.

## COUNT I
## VIOLATIONS OF THE FEDERAL COMMUNICATIONS ACT

30. The allegations contained in each paragraph set forth above in this Complaint are realleged and incorporated by reference as if fully set forth herein.

31. RCN's practices which delay or prevent its customers from cancelling RCN's Voice Service are unjust or unreasonable, and therefore unlawful under 47 U.S.C. § 201(b). These practices include freezing subscribers telephone numbers, placing subscribers on hold for inordinate amounts of time and transferring callers who wish to cancel from department to department. RCN fails to provide its customers with a reasonable procedure for cancelling and transferring their services to other providers. These practices are especially unreasonable in light of RCN's specific regulatory obligations under 47 CFR § 52.23(a) (2007).

32. RCN's practices which delay or prevent its customers from cancelling RCN's Services constitute unjust or unreasonable discrimination in practices or services, and therefore violate 47 U.S.C. § 202(a). Specifically, these practices discriminate in the availability of customer service offered to customers which do not express a desire to cancel their

service with RCN and those that do express a desire to cancel their service with RCN. These practices include freezing subscribers telephone numbers, placing subscribers on hold for inordinate amounts of time, transferring callers who wish to cancel from department to department, and failing to provide adequate or reasonable customer service to customers who desire to cancel or transfer their Voice Service to other providers, and failing to otherwise provide its customers with a reasonable procedure for cancelling and transferring their services to other providers. This discrimination is especially egregious in light of RCN's specific regulatory obligations under 47 CFR § 52.23(a) (2007).

33. RCN's practices violate the FCA (47 U.S.C. §§ 201(b), 202(a)).

34. RCN's practices have directly, proximately, and foreseeably damaged Plaintiff and the other members of the Voice Class in the form of service fees (including service which was not wanted but could not be cancelled because of RCN's practices, and the benefit of the bargain for the service fees paid that was lost when RCN failed to provide customer service to the Voice Class), as well as lost time, effort, attention, and emotional damages (frustration, etc.) caused by RCN's deliberately frustrating practices.

35. Plaintiff, on his own behalf and on behalf of the Voice Class, seeks the full amount of damages sustained in consequence of every violation of the FCA, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case, under 47 U.S.C. § 206.

## COUNT II

## VIOLATIONS OF SECTION 349 OF NEW YORK
## GENERAL BUSINESS LAW: DECEPTIVE ACTS AND PRACTICES

36. The allegations contained in each paragraph set forth above in this Complaint are realleged and incorporated by reference as if fully set forth herein.

37. RCN's practices which delay or prevent its customers from cancelling RCN's telephone Services are deceptive and unfair business practices. RCN has engaged in deceptive and unfair business practices by, among other things, freezing subscribers telephone numbers,

placing subscribers on hold for inordinate amounts of time and transferring callers who wish to cancel from department to department. RCN fails to provide its customers with a reasonable procedure for cancelling and transferring their services to other providers.

38. RCN's practices which seek to delay or prevent customers from cancelling RCN's Services constitute acts, uses, or employment by defendant and its agents of deception, fraud, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of services, and with the subsequent performance, of defendant in violation of § 349 of New York's General Business Law, making deceptive and unfair acts and practices illegal.

39. The unfair and deceptive trade acts and practices of RCN have directly, foreseeably and proximately caused damages and injury to Plaintiff and the other members of the Class.

40. Plaintiff and the other members of the New York Class have no adequate remedy of law.

41. Plaintiff, on his own behalf and on behalf of the New York Class, seeks injunctive relief under § 349 of New York's General Business Law.

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Classes, prays for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as a representative of the Voice Class and the New York Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Ordering Defendant to cease and desist from its deceptive acts and practices, consumer fraud and unconscionable commercial practices, including freezing subscribers telephone numbers, placing subscribers on hold for inordinate amounts of time, failing to maintain its customer service department with sufficient staff to process cancellation requests and transferring callers who wish to cancel from department to department;

(c) Ordering Defendant to provide a reasonable means for customers to cancel RCN's services;

(d) Ordering Defendant to disgorge all profits made as a result of its practices which delay or prevent customers from cancelling RCN's Services;

(e) Awarding plaintiff and the members of the Voice Class actual damages;

Class Action Complaint                    7

(f) Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' and experts' fees, and other expenses incurred in prosecuting this action; and

(g) Granting pre-judgment interest and such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

October 2, 2007                    By: _____

GISKAN SOLOTAROFF &
  ANDERSON LLP
Oren Giskan (OG 3667)
Catherine E. Anderson (CA 5129)
11 Broadway – Suite 2150
New York, NY 10004
212.847.8315

KAMBER & ASSOCIATES
Scott A. Kamber (SK 5794)
11 Broadway – 22nd Floor
New York, NY 10004
212.920.3072