UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
DAVID FEIGE, On Behalf of Himself and All Other
Persons Similarly Situated,

                    Plaintiff,                    Case No. 07 cv 8539 (AKH)

    -against-

RCN CORPORATION,

                    Defendant.
--------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant RCN Corporation ("RCN"), by and through undersigned counsel, hereby submits this Memorandum of Law in support of its motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiff's claims under Section 349 of the New York General Business Law ("GBL") and Section 202(a) of the Federal Communications Act ("FCA").

## STATEMENT OF FACTS

Plaintiff's purported class action complaint is based on the allegedly long "wait times" Plaintiff experienced when calling RCN's customer service number. Plaintiff has alleged three claims against RCN, namely: (1) deceptive business practices in violation of NY GBL § 349; (2) violations of § 201(b) of the FCA; and (3) violations of § 202(a) of the FCA. *Complaint* at ¶ 1.[1] Specifically, Plaintiff claims that he subscribed to RCN's telephone services in or around March of 2005 and that when he attempted to transfer this service to Vonage, a competitor of RCN, in September of 2007, *Complaint* at ¶ 21, he "was placed on hold for periods of times so lengthy that he was forced to hang up." *Complaint* at ¶ 24. Plaintiff claims that this, along with the

---

[1] A copy of the Complaint is attached as Exhibit A to the accompanying Affidavit of Joseph A. Patella, sworn to on December 14, 2007.

freezing of subscriber telephone numbers and the transferring of callers from one department to another, is a "policy" employed by RCN against "all customers who wish to cancel" in order to "prevent its subscribers from cancelling." *Complaint* at ¶¶ 25-27. Plaintiff contends that "RCN's practices are particularly egregious in light of its policy that customers may only cancel by calling RCN's Customer Service number." *Complaint* at ¶ 29. Plaintiff claims that these alleged "practices" have damaged Plaintiff and other members of the proposed class "in the form of service fees" as well as "lost time, effort, attention and emotional damage (frustration, etc.) caused by RCN's deliberately frustrating practices." *Complaint* at ¶ 34. Plaintiff seeks monetary damages and attorneys' fees. *Complaint* at ¶ 35.

## STANDARD OF REVIEW

On a motion to dismiss a complaint under Fed.R.Civ.P. 12(b)(6), the court "must accept the allegations contained therein as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group PLC*, 298 F.3d 136, 140 (2d Cir. 2002) (citation omitted). However, as the United States Supreme Court held in *Bell Atlantic v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), these allegations must have a factual basis:

> While a complaint attacked on a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 127 S.Ct. at 1959. In *Twombly*, the Court retreated from its position in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a dismissal is appropriate only where it appears beyond a doubt that the plaintiff can prove "no set of facts" in support of his

2

NYC:169820.2

claim which would entitle him to relief. The *Twombly* Court ruled that the now "famous observation [of *Conley*] has earned its retirement," and prescribed a new inquiry that focuses upon the "plausibility" of the face of the pleading. *Id.* at 1969. As the *Twombly* Court explained, a plaintiff must now "nudge[] [his] claim across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.* at 1974. Viewed from this perspective, Plaintiff's NY GBL § 349 claim fails, as Plaintiff pleads no facts to establish any deceptive acts by RCN. While Plaintiff's NY GBL § 349 claim uses words like "deception" and "fraud," they are merely the "labels and conclusions" that the *Twombly* Court found unacceptable. Similarly, Plaintiff's FCA § 202(a) claim fails to plead facts sufficient to establish discriminatory conduct as required by this statute. Accordingly, the instant motion to dismiss should be granted.

## ARGUMENT

### I.   PLAINTIFF'S NY GBL § 349 FAILS TO STATE A CAUSE OF ACTION

Plaintiff has not stated a claim under NY GBL § 349, since he complains of nothing more than poor customer service in connection with his attempts to cancel as a subscriber. NY GBL § 349 makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." NY GBL § 349(a). To state a claim for deceptive practices under NY GBL § 349, "a plaintiff must show: (1) that the act, practice or advertisement was consumer-oriented; (2) that the act, practice or advertisement was misleading in a material respect, and (3) that the plaintiff was injured as a result of the deceptive practice, act or advertisement." *Pelman v. McDonald's Corp.* 237 F. Supp.2d 512, 525 (S.D.N.Y. 2003); *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29, 731 N.E.2d 608, 709 N.Y.S.2d 892 (2000). An act is deceptive within the meaning of this statute only if it is likely to mislead a reasonable consumer. *Marcus v. AT&T Corp.*, 138 F.3d 46, 64 (2d Cir. 1998); *see Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26, 647 N.E.2d 741, 623

3

NYC:169820.2

N.Y.S.2d 529 (1995) (noting that there is an objective definition of deceptive acts and practices under the statute, limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances).

In *Conboy v. AT&T Corp.*, 241 F.3d 242 (2d Cir. 2001), plaintiffs alleged that their long-distance carrier improperly disseminated proprietary information to an affiliated credit card company, which the latter used to collect credit card debt. Plaintiffs claimed that, in using the disseminated information, the credit card company violated NY GBL § 349. Specifically, plaintiffs complained that representatives of the credit card company telephoned their unlisted home number between thirty and fifty times, occasionally at unusual hours, seeking information about the whereabouts of a family member. *Conboy*, 241 F.3d at 247. In dismissing the NY GBL § 349 claim, the Second Circuit held that plaintiffs failed to indicate how the credit card company's conduct was deceptive in any material way. *Id.* at 258. Specifically, the Court found that "[p]laintiffs have not alleged any facts to suggest that [credit card company] misled them; they also have not identified any statement made during any of [the] telephone calls that was false or deceptive . . . 'there is no indication that the telephone calls were for any purpose other than what they purported to be.'" *Id.*; *see Feinberg v. Federated Department Stores, Inc.*, 15 Misc.3d 299, 307, 832 N.Y.S.2d 760 (New York Co. 2007) ("[D]efendant neither made false or misleading statements, nor did its conduct deceive or mislead plaintiff or the public. While plaintiff claims [defendant's] policies are unfair and unjustified, defendant's actions do not constitute a deceptive and misleading practice as contemplated by GBL § 349 . . .").

As with the plaintiffs in *Conboy*, Plaintiff in the instant matter has not in any way been deceived. Plaintiff admits that he knew RCN, pursuant to its "Terms and Conditions," required a subscriber to call RCN's customer service department to cancel service. *Complaint* at ¶ 23.

4

Plaintiff alleges that he attempted to contact RCN and cancel service on several occasions and each time he was placed on hold for lengthy periods of time. *Complaint* at ¶ 24. Plaintiff does not claim that RCN made any false statements or failed to disclose any information. Plaintiff's complaint contains bare allegations of deception, fraud and misrepresentations that lack any factual support and thus are not actionable. *See Moses v. Citicorp Mortg. Inc.*, 982 F. Supp. 897, 903 (E.D.N.Y.1997) ("Conclusory allegations have been held insufficient to state a claim under section 349."). Accordingly, in the absence of any deceptive acts by RCN, Plaintiff has failed to state a claim under NY GBL § 349.

## II.     PLAINTIFF CANNOT STATE A CLAIM UNDER 47 U.S.C. § 202(A)

Plaintiff claims RCN violated § 202(a) of the FCA. This claim requires dismissal as a matter of law. Section § 202 of the FCA provides, in pertinent part:

> It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

"In order to plead a § 202(a) discrimination claim, a plaintiff must show three elements: (1) that the services are 'like,' (2) that the carrier is offering the services to other customers at a 'different' price or under 'different' conditions than those offered to the plaintiff, and (3) that the differences are unreasonable." *Telestar Resource Group, Inc. v. MCI, Inc.*, 476 F. Supp.2d 261, 273 (S.D.N.Y. 2007) (granting 12(b)(6) motion dismissing plaintiff's claim under § 202(a) because plaintiff failed to allege facts showing that the services provided to other customers were "like" the services provided to plaintiff). The plaintiff bears the burden of alleging sufficient facts to satisfy these elements. *Id. citing Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 843 (9th

Cir. 2002) (motion to dismiss § 202(a) granted). Also, the plaintiff must allege a resulting injury from the discrimination in order to have a cognizable claim under § 202(a). *AT&T & Co. New York City Human Resources Admin.*, 833 F. Supp. 962, 981 (S.D.N.Y. 1993) *citing Illinois Bell Telephone Co. v. AT&T*, 66 Rad. Reg. 2d, 4 F.C.C.R. 5268, 5269-70 (F.C.C. 1989) (dismissing complaint where plaintiff had not alleged it was damaged by unlawful discrimination).

Plaintiff has not properly alleged a § 202(a) claim. Significantly, Plaintiff cannot meet the second element which requires a showing that the carrier is offering a service to other customers under *different* conditions. Indeed, by Plaintiff's own account, "RCN has a policy to treat *all customers* who wish to cancel in the same manner." *Complaint* at ¶ 25. This policy includes, according to Plaintiff, "delaying or preventing its customers from canceling RCN's Voice Service" and failing "to provide its customers with a reasonable procedure for canceling or transferring their service." *Complaint* at ¶ 31. Since RCN's alleged "unreasonable" policy is being applied to any and every customer who wishes to cancel their service in the same way, Plaintiff cannot show any discriminatory practice by RCN and therefore the § 202(a) claim should be dismissed.

## CONCLUSION

For the foregoing reasons, RCN respectfully requests that this Court grant the instant motion to dismiss Plaintiff's causes of action under NY GBL § 349 and 47 U.S.C. § 202(a) with prejudice and grant such other relief as the Court may deem just and proper.

Dated: December 14, 2007                    ANDREWS KURTH LLP

                                            By:  /s/ Joseph A. Patella
                                                 Lynne M. Fischman Uniman (LU6750)
                                                 Joseph A. Patella (JP3196)
                                                 Attorneys for Defendants
                                                 450 Lexington Avenue
                                                 New York, New York 10017
                                                 (212) 850-2800