IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| DAVID FEIGE, On Behalf of Himself and All Other Persons Similarly Situated, | : | No. 07-CV-8539(AKH) |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| RCN CORPORATION, | : | |
| Defendant. | : | |

-----------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

GISKAN, SOLOTAROFF
& ANDERSON, LLP
11 Broadway, Suite 2150
New York, NY 10004
Tel: (212) 847-8315

KAMBER EDELSON
11 Broadway- 22nd Floor
New York, NY 10004
Tel: (212) 920-3072

*Counsel for Plaintiff*

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................1

II. STATEMENT OF FACTS .........................................................2

      A.    Plaintiff Feige's Allegations ..........................................3

      B.    The New York Attorney General's Office Charges RCN With Failure To Provide Fair and Reasonable Customer Services ..................3

III. ARGUMENT ....................................................................4

      A.    Legal Standard .......................................................4

      B.    Plaintiff Has Stated A Claim For Violation of NY GBL § 349 ........4

      C.    Plaintiff Has Stated A Claim For Violation Of The Federal Communications Act ..................................................8

            1.    RCN Selectively Ignores Plaintiff's Allegations Under 47 U.S.C. § 201(a) ......................................................8

            2.    Plaintiff's Allegations Under 47 U.S.C. S 201(b) Are Not Challenged .........................................................10

IV.    CONCLUSION ............................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002).................................4

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002).........................4

*Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Ca. 2002)..........................................8

**State Cases**

*Am. Online v. Superior Court*, 90 Cal. App. 4th 1 (Cal. Ct. App. 2001)....................8

*Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324 (N.Y. 2002).............................5

*In re Coordinated Title Ins. Cases*,
2004 NY Slip Op 50171U, 2004 N.Y. Misc. LEXIS 256 (Nassau Cty. Jan. 8, 2004)..........7

*Negrin v. Norwest Mortgage, Inc.*, 263 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dept 1999).........7

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A.,
85 N.Y.2d 20 (N.Y.1995)................................................................4, 7

*Pellegrini v. Landmark Travel Group*, 165 Misc. 2d 589 (N.Y. Misc. 1995)..................6

*People by Vacco v. Lipsitz*, 174 Misc. 2d 571 (N.Y. Misc. 1997).........................6

*State by Lefkowitz v Colorado State Christian College of Church of Inner Power, Inc.*
76 Misc 2d 50, 346 NYS2d 482 (1973)....................................................5

*Walts v. First Union Mortgage Corp.*, 259 A.D.2d 322, 686 N.Y.S.2d 428 (1st Dept 1999).....7

**Statutes**

Federal Communications Act, 47 U.S.C. § 201(a) and (b) ........................... 1, 8, 9, 10

Federal Trade Commission Act, 15 USC § 45, Section 5 ................................. 5

New York General Business Law § 349 ................................... *passim*

Plaintiff David Feige, by and through his counsel of record, submits this memorandum of law in opposition to defendant RCN Corporation's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's complaint for failure to state a claim. Defendant's motion should be denied in its entirety.

## I.  INTRODUCTION

Plaintiff and other similarly situated consumers have been prevented by defendant RCN Corporation ("RCN") from cancelling their Internet, telephone and cable television services. As a result, they continue to be billed and forced to pay RCN for services they no longer want. Plaintiff seeks injunctive relief, on behalf of himself and on behalf of the class of others similarly situated, against RCN for unfair and deceptive business practices in violation of Section 349 of the New York General Business Law ("NY GBL § 349") and 47 U.S.C. § 201(a) and (b) of the Federal Communications Act ("FCA").

Plaintiff's NY GBL § 349 claim is brought on behalf of all persons in New York that have had difficulty or have been prevented from cancelling Internet, telephone or cable television services from RCN at any time from October 2, 2004 to the present (the "New York Class"). Complaint ¶ 3. Plaintiff's FCA claim is brought on behalf of all persons who have had difficulty or have been prevented from cancelling telephone services with RCN at any time from October 2, 2005 to the present (the "Voice Class"). Complaint ¶ 2.

Defendant RCN argues that it does not violate the consumer protection laws of New York by preventing its customers from cancelling its services and continuing to bill customers who notify RCN of their intention to cancel their RCN services. For the reasons set forth herein, RCN's argument is without merit, and its motion to dismiss must be denied in its entirety.

## II. STATEMENT OF FACTS

Defendant RCN is a provider of voice or telephone service, as well as cable video and high-speed data (Internet) services (collectively, "RCN's Services"). Complaint ¶ 10. RCN employees unfair, deceptive and discriminatory business practices to prevent customers from cancelling their RCN Services and from switching their Internet, telephone and cable television services to RCN's competitors. Complaint ¶¶ 4, 24-27. RCN's Terms and Conditions of service require that customers may only cancel their RCN Services by calling RCN customer services by telephone. Complaint ¶¶ 23, 29. However, RCN makes it unreasonably difficult, if not impossible, for customers to cancel their RCN Services by telephone.

Once a customer informs an RCN customer service representative by telephone that s/he wishes to cancel RCN's Services, RCN routinely engages in unfair, deceptive and discriminatory practices, including freezing the customer's telephone number, placing the customer on hold for extraordinarily long periods of time (as long as 45 minutes), transferring customers repetitively from one department to another, disconnecting customer's calls and otherwise failing to provide a reasonable procedure for cancelling RCN's Services and for enabling the customer to transfer his/her telephone, cable and/or Internet services to other providers. Complaint ¶¶ 24, 25, 26, 28, 32, 37.

RCN's practices discourage, delay and otherwise prevent customers from cancelling RCN's Services and from using the services of RCN's competitors. Complaint ¶ 27. As a result of RCN's unfair, deceptive and discriminatory practices toward customers seeking to cancel RCN's Services, RCN continues to collect revenue from subscribers who no longer want the RCN Services but who have been delayed or prevented by RCN from cancelling their RCN Services. *Id.*

### A.  **Plaintiff Feige's Allegations**

In or around March 2005, Plaintiff David Feige, a New York resident, subscribed to RCN's Services. Complaint ¶¶ 9, 21. In September 2007, Mr. Feige attempted to transfer his RCN telephone service to Vonage, a competitor of RCN. Complaint ¶ 22. At this time, Mr Feige was informed that his telephone number had a "freeze feature" and that he would have to contact RCN to remove the freeze feature before his number could be transferred to Vonage. *Id.* Mr. Feige attempted to call RCN and cancel his telephone service several times. Complaint ¶ 24. Each time he called RCN and informed RCN's customer service representative that he wished to cancel his service, Mr. Feige was placed on hold for periods of time so lengthy that he was forced to hang up. *Id.* On one occasion, Mr. Feige was placed on hold for 45 minutes, after which time the call was disconnected by RCN. *Id.*

### B.  The New York Attorney General's Office Charges RCN With Failure To Provide Fair and Reasonable Customer Services

This is not the first time RCN's customer service practices have been challenged as unfair, obstructive and unreasonable. In 2001, the New York Attorney General's Office charged RCN with failure to adequately staff customer toll free telephone lines and failure to adequately and promptly respond to customer inquiries and complaints. Complaint ¶ 28. In 2001, RCN entered into an Assurance of Discontinuation with the New York Attorney General's Office (the "2001 Assurance and Discontinuation"). *Id.* Pursuant to the 2001 Assurance and Discontinuation, RCN agreed to maintain "sufficient staff and sufficient toll free telephone lines to enable New York residents to make telephone inquiries and complaints and to respond to such consumer inquiries and complaints promptly and adequately." *Id.*

RCN's continued unfair, deceptive and discriminatory customer service practices aimed at customers who, like Mr. Feige, attempt to cancel RCN's Services (and are prevented by RCN from reasonably doing so), are, *inter alia*, in violation of the 2001 Assurance of Discontinuation.

## III. ARGUMENT

### A. Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. See *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229 (1984)).

### B. Plaintiff Has Stated A Claim For Violation of NY GBL § 349

New York's Consumer Protection Act, including NY GBL § 349, was enacted to provide consumers with a means of redress for injuries caused by unlawfully deceptive acts and practices. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20, 25 (N.Y. 1995). As Governor Rockefeller stated when approving this legislation:

> Consumers have the right to an honest market place where trust prevails between buyer and seller. The power to obtain injunctions against any and all deceptive and fraudulent practices will be an important new weapon in New York State's long standing efforts to protect people from consumer frauds.

*Id.,* quoting Mem. of Governor Rockefeller, 1970 NY Legis Ann, at 472.

NY GBL § 349 was modeled on § 5 of the Federal Trade Commission Act, which reads in pertinent part: "(a)(1) Unfair methods of competition in commerce, and unfair or deceptive acts or

practices in commerce, are declared unlawful."[1] See *State by Lefkowitz v Colorado State Christian College of Church of Inner Power, Inc.* 76 Misc 2d 50, 346 NYS2d 482 (1973). NY GBL § 349, "much like its federal counterpart, the Federal Trade Commission Act (15 USC § 45), is intentionally broad, applying 'to virtually all economic activity'" *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324 (N.Y. 2002), citing *Karlin v IVF Am.*, 93 NY2d 282, 290, 690 N.Y.S.2d 495 (1999).

A plaintiff must establish the following three elements to state a claim under NY GBL § 349: (1) the challenged act must be consumer oriented, (2) the act was deceptive or misleading in a material way, and (3) the plaintiff suffered injury as a result of the act. See *Oswego*, 85 N.Y.2d at 25. Defendant RCN argues that Plaintiff has failed to satisfy the second element requiring a materially deceptive or misleading act. RCN is wrong.

Plaintiff has alleged that RCN's acts and practices of (1) requiring customers who want to cancel RCN's Services to do so only by telephone, Complaint, ¶ 29, and (2) frustrating, obstructing and otherwise preventing customers' attempts to cancel RCN's Services by telephone by placing them on hold for inordinately long periods of time, transferring them from department to department, disconnecting them, and otherwise failing to provide a reasonable means for customers to cancel RCN's Services, are materially misleading practices. See Complaint ¶¶ 24, 25, 26, 28, 32, 37.

Because RCN requires in its Terms and Conditions of service that customers cancel RCN's Services by telephone only (Complaint, ¶ 29), RCN implicitly represents that customers reasonably can cancel RCN's Services by telephone.[2] Indeed, any reasonable person would understand this

---

[1] See Section 5 of the Federal Trade Commission Act (U. S. Code, tit. 15, § 45).

[2] New York recognizes as implicit in every contract "a covenant of good faith and fair dealing in the course of contract performance." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 663 N.E.2d 289, 291, 639 N.Y.S.2d 977 (N.Y. 1995); see also *Jofen v. Epoch Biosciences*, Inc.,

provision of RCN's Terms and Conditions to mean that customers may readily cancel RCN's Services simply by calling RCN. Customers, however, cannot reasonably cancel RCN's Services by telephone. Instead, customers who call RCN and express their intention to cancel are routinely delayed, obstructed and prevented from doing so by RCN. Complaint ¶¶ 24, 25, 26, 28, 32, 37.

It is well established that a "business practice of failing to deliver as promised is recognized as fraudulent and illegal conduct violating General Business Law § 349." *People by Vacco v. Lipsitz*, 174 Misc. 2d 571, 582 (N.Y. Misc. 1997), and cases cited therein; *Pellegrini v. Landmark Travel Group*, 165 Misc. 2d 589 (N.Y. Misc. 1995) (defendants violated NY GBL § 349 by representing to plaintiff that the tour tickets were refundable when, in fact, they were not). Here, RCN has represented that customers can and must cancel RCN's Services by telephone, when in fact, it is very difficult, if not impossible, to do so. RCN has failed to deliver on its promise of reasonably allowing customers to cancel RCN's Services by telephone (or in any other manner).

Plaintiff also has alleged a "knowing concealment, suppression or omission of material fact" by RCN in violation of NY GBL §349. Complaint, ¶ 38. No where in either the RCN Terms and Conditions of service or elsewhere does RCN disclose that customers will be delayed, transferred, placed on hold for up to 45 minutes, and/or disconnected when they attempt to cancel RCN's Services by telephone. This information is material, and relevant to the consumer, because RCN

---

2002 U.S. Dist. LEXIS 12189 at *8 (S.D.N.Y. July 8, 2002). This covenant incorporates "any promises which a reasonable person in the position of the promisee would be justified in understanding were included," *Rowe v. Great Atl. & Pac. Tea Co.*, 46 N.Y.2d 62, 385 N.E.2d 566, 569, 412 N.Y.S.2d 827 (N.Y. 1978) (citation and quotation marks omitted). The covenant includes a pledge that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* at 291 (quoting *Kirke La Shelle Co. v. Armstrong Co.*, 263 N.Y. 79, 188 N.E. 163, 167 (N.Y. 1933)); see also *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990).

requires that its customer cancel their services <u>only</u> by telephone. Complaint, ¶29. As the court held in *Oswego*:

> In the case of omissions in particular the statute [NY GBL § 349] does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation. The scenario is quite different, however, where the business alone possesses material information that is relevant to the consumer and fails to provide this information.

85 N.Y.2d at 27.

Had RCN disclosed the severe limitations on the customer's ability to cancel RCN's Services, no reasonable consumer would have agreed to pay, or pay as much as they did, for RCN's Services. RCN's material omissions violate NY GBL § 349. See *Oswego*, 85 N.Y.2d at 27 (claim for violation of NY GBL § 349 stated based on defendant's failure to disclose limitations on customers' accounts).

As a result of RCN's unfair and deceptive practices, customers must continue to pay for RCN's Services that they no longer want because they cannot reasonably cancel these services. Complaint ¶ 27. In essence, RCN unilaterally imposes unwanted services, and corresponding fees, on its customers, despite the customer's notice by telephone to RCN's customer service department of intent to cancel. This is a plain violation of NY GBL § 349. See *Negrin v. Norwest Mortgage, Inc.*, 263 A.D.2d 39, 50, 700 N.Y.S.2d 184, 193 (2d Dept 1999),("[a]llegations of a bank's unilateral imposition of illegal and/or unwarranted fees upon its customers states a valid claim of consumer fraud."); *Walts v. First Union Mortgage Corp.*, 259 A.D.2d 322, 686 N.Y.S.2d 428 (1st Dept 1999) (holding NY GBL § 349 claim plead where bank continued to bill customers for services which were no longer necessary or needed); *In re Coordinated Title Ins. Cases*, 2004 NY Slip Op

50171U, 2004 N.Y. Misc. LEXIS 256 (Nassau Cty. Jan. 8, 2004) (holding claim for violation of NY GBL § 349 alleged against defendants for collecting excess premiums).

Plaintiff Feige's claim for violation of NY GBL § 349 is analogous to that of the plaintiff in *Am. Online v. Superior Court*, 90 Cal. App. 4th 1 (Cal. Ct. App. 2001), who plead violation of the California consumer protection statutes against America Online, an Internet service provider. In *Am. Online v. Superior Court*, Plaintiff Mendoza adequately alleged that the California consumer protection statutes were violated when he "gave AOL notice of the cancellation of his subscription in October 1999, but AOL continued to charge monthly fees against his credit card at least through February 2000." 90 Cal. App. 4th at 5. Here, Plaintiff Feige gave notice by telephone to RCN's customer service department of his intent to cancel RCN's Service, but RCN continued to charge him. Complaint, ¶¶ 24, 27.

RCN's obstruction of and interference with customers' rights to cancel RCN's Services must be enjoined. See, e.g., *Ting v. AT&T*, 182 F. Supp. 2d 902 (N.D. Ca. 2002) (court held that the telephone company's act of making it very difficult for consumers to effectively exercise their rights, even in the forum of arbitration, was illegal and unconscionable and must be enjoined.).

    C.    **Plaintiff Has Stated A Claim For Violation Of The Federal Communications Act**

        1.    **RCN Selectively Ignores Plaintiff's Allegations Under 47 U.S.C. § 201(a)**

Plaintiff also has asserted a claim that RCN violates 47 U.S.C. § 201(a) of the Federal Communications Act through unreasonable discrimination towards customers seeking to cancel their RCN services. Complaint ¶ 32. Plaintiff alleges that RCN's customer service discriminates between

customers who try to cancel their service with RCN and those that do not:

> [RCN's] practices discriminate in the availability of customer service offered to customers which do not express a desire to cancel their service with RCN and those that do express a desire to cancel their service with RCN. Complaint, ¶ 32.

RCN argues that Plaintiff must "show[] that [RCN] is offering a service to other customers under different circumstances. . . . Since RCN's alleged 'unreasonable' policy is being applied to any and every customer who wishes to cancel their service in the same way, Plaintiff cannot show any discriminatory practice by RCN and therefore the § 202(a) claim should be dismissed." See RCN's Memorandum of Law In Support of Motion To Dismiss at 6. RCN has missed the mark - it is the entire pool of customers, and not just those seeking to cancel, which must be treated in the same manner. Plaintiff's Complaint alleges that *not* every customer faces the same defective customer service from RCN -- *only* those customers seeking to leave RCN. Complaint ¶ 32. Plaintiff has thus alleged RCN's discriminatory treatment directed toward a certain segment of its customer base in violation of the Federal Communications Act, 47 U.S.C. § 201(a).[3]

---

[3] Plaintiff anticipates that RCN will advance a new argument in its Reply Memorandum that the customer service provided to consumers leaving RCN is not "like" the customer service provided to consumers who are staying with RCN. See, e.g., Def.'s Mot. Dismiss at 5, quoting *Telestar Resource Group, Inc. v. MCI, Inc.*, 476 F. Supp.2d 261, 273 (S.D.N.Y. 2007) (first element of Section 202(a) claim is "that the services are 'like'"). Plaintiff anticipates that RCN will argue that the standard customer service functions of answering a customer's phone call, speaking with a customer, and modifying the customer's account accordingly are somehow dramatically different depending on whether the customer intends to stay or leave RCN. Not only is this argument implausible, and subject to factual dispute, but also improper for RCN to attempt to raise it -- or any variation of this argument -- for the first time in its Reply. See, e.g., *Martin v. Gantner*, 443 F. Supp. 2d 367, 371 n.5 (S.D.N.Y. 2006); *Morgan v. Abco Dealers, Inc.*, No. 01-9564, 2007 U.S. Dist. LEXIS 91449, at *25-26 n.11 (S.D.N.Y. Dec. 11, 2007) (Court declining to consider argument raised for the first time in reply papers, where plaintiff "has not had an adequate opportunity to respond to" it, citations omitted).

### 2. Plaintiff's Allegations Under 47 U.S.C. S 201(b) Are Not Challenged

Plaintiff has alleged that RCN's "practices which delay or prevent its customers from cancelling RCN's Voice Service are unjust or unreasonable, and therefore unlawful under 47 U.S.C. § 201(b)" of the Federal Communications Act. Complaint, ¶ 31. RCN's Motion to Dismiss fails to address Plaintiff's allegations under 47 U.S.C. § 201(b). This claim thus stands.

RCN's motion to dismiss Plaintiff's claims for violation of the Federal Communications Act must be denied.

## IV. CONCLUSION

For the reasons set forth herein, RCN's motion to dismiss must be denied in its entirety.

Dated: January 11, 2008
New York, New York

GISKAN, SOLOTAROFF & ANDERSON, LLP

_____/s/_____
Oren Giskan (OG 3667)
Catherine E. Anderson (CA 5129)
11 Broadway, Suite 2150
New York, NY 10004
Tel: (212) 847-8315

KAMBER EDELSON
Scott A. Kamber (SK 5794)
Ethan Preston
11 Broadway- 22nd Floor
New York, NY 10004
(212) 920-3072

*Counsel for Plaintiff*