UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
DAVID FEIGE, On Behalf of Himself and All Other : 
Persons Similarly Situated,
:
           Plaintiff,                           Case No. 07 cv 8539 (AKH)

:
   -against-
:
RCN CORPORATION,
:
           Defendant.
:
------------------------------ x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant RCN Corporation ("RCN"), by and through undersigned counsel, hereby submits this Reply Memorandum of Law in support of its motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiff's claims under Section 349 of the New York General Business Law ("GBL") and Section 202(a) of the Federal Communications Act ("FCA").

### PRELIMINARY STATEMENT

In an attempt to avoid dismissal, Plaintiff tries to turn his case into something that it is not. Not one of the cases cited by Plaintiff in his opposition brief is relevant to the present matter. Plaintiff's cases involve consumers who relied upon misrepresentations of fact and paid for services that they did not receive. Here, Plaintiff claims that, as a result of his alleged difficulty in cancelling his telephone service with RCN, he was forced to continue making payments. Yet, Plaintiff fails to mention that, during this time, he was still receiving service. Thus, Plaintiff was not deprived of the benefit associated with making these payments. Moreover, Plaintiff has failed to allege any deceptive or discriminatory acts to sustain his claims under NY GBL § 349 and section 202(a) of the FCA. By Plaintiff's own admission, this case is

about nothing more than the "difficult[ies]" in trying to cancel service with RCN. *See* Plaintiff's Memorandum of Law in Opposition ("Opposition Brief") at 2, 6. Accordingly, RCN's motion to dismiss should be granted.

## STANDARD OF REVIEW

In his opposition brief, Plaintiff misstates the appropriate standard of review. Plaintiff relies upon the now outdated standard set forth in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992 (2002) that "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 514 (citation omitted). This standard was recently "retired" by the United States Supreme Court in *Bell Atlantic v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); *see also Aztec Energy Partners, Inc. v. Sensor Switch, Inc.*, 2007 WL 2904203 at *1 (D. Conn. Oct. 2, 2007) (Rule 12(b)(6) standard stated in *Swierkiewicz* is no longer appropriate). As discussed in RCN's initial motion papers, the *Twombly* Court prescribed a new inquiry that focuses upon the "plausibility" of the face of the pleading. *See Twombly*, 127 S.Ct. at 1974 (holding that a plaintiff must now "nudge[] [his] claim across the line from conceivable to plausible" in order to survive a motion to dismiss). Plaintiff's Complaint contains no plausible basis for maintaining claims under NY GBL § 349 and section 202(a) of the FCA. Plaintiff pleads no facts to establish any deceptive or discriminatory conduct by RCN. Accordingly, a dismissal of these claims is appropriate.

## ARGUMENT

### I. PLAINTIFF HAS NOT ALLEGED DECEPTIVE CONDUCT TO STATE A CLAIM PURSUANT TO NY GBL § 349

Plaintiff cannot point to any misrepresentation made by RCN to sustain a cause of action under NY GBL § 349. Plaintiff asserts that RCN "failed to deliver" on its promise, as set forth

2

in RCN's Terms and Conditions, that customers can only cancel RCN's services by telephone. *See* Opposition Brief at 6. Yet, Plaintiff merely claims that he experienced difficulty in getting through to customer service, not that this method of cancellation was completely unavailable or nonexistent. Thus, there is no misrepresentation or concealment of a material fact.

The present matter can be distinguished from all the cases cited by Plaintiff to support his NY GBL § 349 claim. For example, in *Pellegrini v. Landmark Travel Group*, 165 Misc.2d 589, 628 N.Y.S.2d 1003 (N.Y. City Ct. Yonkers 1995), plaintiff canceled his vacation in reliance upon defendant travel agent's misrepresentation that plaintiff's travel tickets were refundable when in fact they were not. *Pellegrini*, 165 Misc.2d at 596. Additionally, in *In re Coordinated Title Ins. Cases*, 2004 WL 690380 (Sup. Ct. Nassau Co. Jan. 8, 2004), certain title insurance companies failed to disclose to the purported class of plaintiffs the availability of state-mandated discounted premiums when undertaking a refinance.[1] *Coordinated Title*, 2004 WL 690380 at *7. In the present matter, Plaintiff alleges no facts to establish that RCN either made a false misrepresentation or concealed material facts. Rather, RCN reveals to its subscribers in its Terms and Conditions the process by which service may be canceled, and this process continues to be in place. While Plaintiff claims to be frustrated with the process, he was not in any way deceived.[2]

Plaintiff's reliance on *Walts v. First Union*, 259 A.D.2d 322, 686 N.Y.S.2d 428 (1st Dep't 1999) is misplaced as the case actually supports RCN's position. There, the court found that plaintiffs stated a NY GBL § 349 claim against two of their loan servicers for improperly billing

---

[1] It should also be noted that the court in *Coordinated Title* did not evaluate the merits of plaintiffs' NY GBL § 349 claim in the context of a motion to dismiss but rather whether this claim (and all of plaintiffs' other claims) satisfied the predominance requirement on a motion for class certification. *Id.* at *5 - *11.

[2] Plaintiff's brief discussion in footnote 2 of his Opposition Brief of the implied covenant of good faith and fair dealing should have no bearing on the instant motion since Plaintiff has not alleged a breach of this covenant in his Complaint.

3

plaintiffs for purchase mortgage insurance ("PMI") premiums in violation of state statute. However, the court also dismissed as a matter of law plaintiff's NY GBL § 349 claim against a third loan servicer where "plaintiffs have not alleged any misrepresentation" by this party. *Id.* at 323. In the absence of any misrepresentation by RCN, the same result should occur here.

Plaintiff also relies on a line of cases in which defendants imposed and collected fees for services that were not performed. In *People by Vacco v. Lipsitz*, 174 Misc.2d 571, 663 N.Y.S.2d 486 (Sup. Ct. N.Y. Co. 1997), defendant purported to sell magazine subscriptions over the internet when in fact he "was simply pocketing the subscription money" without providing the requested service. *Id.* at 574. Similarly, in *Negrin v. Norwest Mortgage, Inc.*, 263 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999), defendant mortgagee unilaterally imposed fees in connection with a mortgage payoff for services it did not perform. *Id.* at 51. Plaintiff even resorts to a case in another jurisdiction, *America Online, Inc. v. Superior Court*, 90 Cal.App.4th 1, 108 Cal. Rptr.2d 699 (Cal Ct. App. 2001), where AOL debited the credit cards of subscribers for monthly services *after* the subscribers stopped receiving such services.[3] All of these cases are distinguishable from the present matter where Plaintiff did, in fact, receive RCN's services throughout the time he was making payments.

Lastly, Plaintiff cites a case from the Ninth Circuit, *Ting v. AT&T*, 319 F.3d 1126 (9th Cir. 2003), to demonstrate by analogy the viability of a claim under a similar consumer protection statute. Yet, *Ting* is inapposite to the present matter. First, *Ting* concerned contract formation and preemption issues which do not exist in the present case. *Id.* at 1134. Second, the purported consumer class in *Ting* did not take issue with the provision (or cancellation) of

---

[3] In addition to the fact that the AOL case did not concern NY GBL § 349, it should also be noted that the court there did not evaluate the merits of the consumer protection statute at issue in the context of a motion to dismiss but rather to determine the viability of a forum selection clause.

4

defendant's telecommunication services but rather with the limitation of available legal remedies as provided in their service contract. *Id.* at 1133. Finally, the consumer protection statute at issue was ultimately found to be precluded by the Federal Arbitration Act. *Id.* at 1147.[4]

Plaintiff claims to have experienced difficulties in getting through to RCN's customer service representatives to cancel his telephone service. As demonstrated by all of the cases upon which Plaintiff relies, more is required to state a claim under NY GBL § 349. Accordingly, the instant motion to dismiss this claim should be granted.

## II. PLAINTIFF HAS NOT ALLEGED DISCRIMINATORY CONDUCT TO STATE A CLAIM UNDER 47 U.S.C. § 202(A)

While all of the case law cited by Plaintiff to support his NY GBL § 349 claim can be distinguished from the present matter, Plaintiff cites no cases whatsoever in response to RCN's arguments to dismiss his cause of action under section 202(a) of the FCA. This claim should be dismissed, since RCN's cancellation policy—by Plaintiff's own admission—applies to *every* subscriber who wishes to cancel service.[5] Thus, Plaintiff cannot allege that RCN discriminated among its customers in this regard in violation of section 202(a) of the FCA.

In his Opposition Brief, Plaintiff tries to split hairs by arguing that "it is the entire pool of customers, and not just those seeking to cancel, which must be treated in the same manner." Opposition Brief at 9. Yet, in stating a section 202(a) claim, the focus is not on the size of the group but on the type of services provided. As RCN argued in its initial Memorandum of Law, a plaintiff must allege three elements to state a section 202(a) claim: (1) that the services are 'like,' (2) that the carrier is offering the services to other customers at a 'different' price or under

---

[4] Plaintiff's reference to a prior New York Attorney General matter involving RCN is equally irrelevant, and a feeble attempt to create a question of fact where one does not exist. The matter has been closed for over six years and did not concern RCN's cancellation procedures.

[5] Plaintiff alleges in his Complaint that "RCN has a policy to treat *all customers* who wish to cancel in the same manner." Complaint at ¶ 25 (emphasis added).

5

'different' conditions than those offered to the plaintiff, and (3) that the differences are unreasonable." *Telestar Resource Group, Inc. v. MCI, Inc.*, 476 F. Supp.2d 261, 273 (S.D.N.Y. 2007). The appropriate method for determining "likeness" of service within the meaning of section 202(a) is the "functional equivalency test." *American Broadcasting Co. v. FCC*, 663 F.2d 133, 138 (D.C. Cir. 1980); *see Nat'l Communications Assoc., Inc. v. AT&T Corp.*, 1998 WL 851588 (S.D.N.Y. Dec. 8, 1998). The test focuses on whether the services are "different in any material functional respect." *American Broadcasting Co.*, 663 F.2d at 138. Specifically, the test looks to the "nature of the services offered" and determines whether customers perceive them as performing the same functions. *Id.* at 139; *Nat'l Communications Assoc.*, 1998 WL 851588 at *3. The nature of customer service provided to Plaintiff's purported class (i.e. cancellation of service) is not "like" the standard customer service functions provided to existing customers (i.e. account information, service features, etc.). Moreover, no customer of RCN would perceive services related to the cancellation of a subscription to be the same as services offered to continuing subscribers. Accordingly, Plaintiff's argument is without merit.

In his Opposition Brief, Plaintiff acknowledges this argument concerning "like" services but argues that RCN is precluded from advancing such a position because it was not raised in RCN's initial motion papers. Plaintiff is wrong for two reasons. First, RCN did identify in its initial Memorandum of Law the necessity of pleading "like" services to state a section 202(a) claim. *See* RCN's Memorandum of Law at 5. Second, by making the provision of "like" services an issue in his Opposition Brief, RCN is permitted to address it on reply even if RCN did not raise said issue in its initial motion papers. *Toure v. Central Parking Systems of New York*, 2007 WL 2872455 at *2 (S.D.N.Y. Sept. 28, 2007) (holding that court could consider new arguments on reply if they "they respond to issues raised in opposition or amplify points already

6

made on the initial motion"). Anticipating that the Court will consider this argument, Plaintiff attempts to refute it, but offers nothing more than conclusory allegations. Plaintiff merely asserts that "this argument is implausible, and subject to factual dispute," and fails to state in any detail his basis for this conclusion. Opposition at 9, n. 3. In this regard, Plaintiff fails to satisfy his burden of pleading facts to defeat the instant motion. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 843 (9th Cir. 2002) (on motion to dismiss section 202(a) claim, plaintiff bears the burden of showing that the services at issue are "like"). In any event, as discussed above, Plaintiff cannot make such a showing since the services provide to Plaintiff's purported class are not "functionally equivalent" to the services provided to RCN's existing customers. Accordingly, RCN's motion to dismiss Plaintiff's claim under section 202(a) of the FCA should be granted.

## CONCLUSION

For the foregoing reasons, RCN respectfully requests that this Court grant the instant motion to dismiss Plaintiff's causes of action under NY GBL § 349 and 47 U.S.C. § 202(a) with prejudice and grant such other relief as the Court may deem just and proper.

Dated: January 30, 2008

ANDREWS KURTH LLP

By:  /s/ Joseph A. Patella
Lynne M. Fischman Uniman (LU6750)
Joseph A. Patella (JP3196)
Attorneys for Defendants
450 Lexington Avenue
New York, New York  10017
(212) 850-2800

7

NYC:172129.1