IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAVID FEIGE, On Behalf of Himself and :    C.A. No. 07-CV-8539 (AKH)
All Other Persons Similarly Situated, :
                                         Plaintiff, :
    vs. :
RCN CORPORATION, :
                                       Defendant. :
-------------------------------------------------------------------x

## PLAINTIFF'S NOTICE OF MOTION FOR LEAVE TO FILE SUR REPLY IN FURTHER OPPOSITION TO MOTION TO DISMISS

Plaintiff David Feige respectfully requests that the Court grant his motion for leave to file a Sur-Reply In Further Opposition To Motion To Dismiss. Plaintiff's Sur Reply is necessary to address argument raised by Defendant RCN Corporation for the first time in its reply memorandum that there is no claim for discrimination under 47 U.S.C. § 202(A) because the type of customer services RCN provides to customers seeking to cancel services are not "like" the customer services RCN provides to customers seeking to purchase services.

Plaintiff submits his Sur-Reply brief and the supporting Affidavit of David Feige herewith.

February 6, 2008                                                    GISKAN SOLOTAROFF & ANDERSON LLP

                                                                   /s/ Catherine Anderson
                                                                   Oren Giskan (OG 3667)
                                                                   Catherine E. Anderson (CA 5129)
                                                                   11 Broadway – Suite 2150
                                                                   New York, NY 10004
                                                                   212.847.8315

                                                                   KAMBER & ASSOCIATES
                                                                   11 Broadway – 22nd Floor
                                                                   New York, NY 10004

                                                                   *Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID FEIGE, On Behalf of Himself and : C.A. No. 07-CV-8539 (AKH)
All Other Persons Similarly Situated, :
 :
                Plaintiff, :
 :
   vs. :
 :
RCN CORPORATION, :
 :
                Defendant. :
------------------------------------------------------------------x

# PLAINTIFF'S SUR REPLY IN
# FURTHER OPPOSITION TO MOTION TO DISMISS

GISKAN, SOLOTAROFF & ANDERSON, LLP
Oren Giskan
Catherine E. Anderson
11 Broadway – Suite 2150
New York, NY 10004
212.847.8315

KAMBER & ASSOCIATES
Ethan Preston
11 Broadway – 22nd Floor
New York, NY 10004

Counsel for Plaintiff

## TABLE OF CONTENTS

I.     RCN's New Argument Of No "Like" Services Fails . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   RCN's Motion Should Be Denied In All Respects . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**Federal Cases**

*ABC v. FCC*, 663 F.2d 133 (D.C. Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992 (2002). . . . . . . . . . . . . . . . . . . . 4

*Telstar Res. Group, Inc. v. MCI, Inc.*, 476 F. Supp. 2d 261 (S.D.N.Y. 2007). . . . . . . . . . . . . . 2

*Western Union International Inc. v. Federal Communications Com.*,
568 F.2d 1012 (2d Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**

Federal Communications Act, 47 U.S.C. § 202(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
DAVID FEIGE, On Behalf of Himself and          :      C.A. No. 07-CV-8539 (AKH)
All Other Persons Similarly Situated,          :
                                               :
                    Plaintiff,                 :
                                               :
vs.                                            :
                                               :
RCN CORPORATION,                               :
                                               :
                    Defendant.                 :
------------------------------------------------------------------x

## PLAINTIFF'S SUR REPLY IN
## FURTHER OPPOSITION TO MOTION TO DISMISS

Plaintiff submits this Sur Reply in further opposition to Defendant RCN Corporation's ("RCN") motion to dismiss in order to address a new argument raised improperly by RCN for the first time in its reply memorandum of law. Namely, RCN argues that Plaintiff has failed to state a claim for discrimination in violation of the Federal Communications Act, 47 Section 202(a), because there are no "like" services at issue. RCN's complete failure to raise this argument in its original motion and supporting memorandum of law is without excuse and warrants Plaintiff's Sur Reply.

For the reasons set forth both herein and in Plaintiff's opposition brief, RCN's motion to dismiss should be denied in its entirety.

**I.     RCN's New Argument Of No "Like" Services Fails**

The Federal Communications Act, 47 Section 202(a), provides, in relevant part:

> It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in conjunction with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

To plead a § 202(a) discrimination claim, the plaintiff must show three elements: (1) that the services are "like," (2) that "the carrier is offering the service to other customers at a 'different' price or under 'different' conditions than those offered to [the plaintiff]," and (3) that the differences are "unreasonable." *Telstar Res. Group, Inc. v. MCI, Inc.*, 476 F. Supp. 2d 261, 273 (S.D.N.Y. 2007), citing *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 199 (2d Cir. 2001). While the plaintiff bears the burden of proof on the first two elements, the communications provider bears the burden of justifying the different treatment of like services as "reasonable." *Telstar Res. Group, Inc. v. MCI, Inc.*, 476 F. Supp. 2d at 273.

In its motion to dismiss and supporting memorandum of law, RCN challenged only the second element of Plaintiff's § 202(a) claim, arguing that there were no different conditions alleged.[1] For the first time in its reply memorandum of law, RCN raises an entirely new argument, namely, that Plaintiff has failed to satisfy the first element of the §202(a) claim because the RCN customer services provided to persons seeking to cancel services are not "like" the RCN customer services provided to persons seeking to purchase services. RCN argues that it therefore does not discriminate against customers seeking to cancel because it treats them all equally poorly. RCN's new argument has no basis in law or fact.

As RCN has recognized, the test for determining "likeness" under § 202(a) centers on whether the services at issue are "different in any material functional respect." *ABC v. FCC*, 663 F.2d 133, 139 (D.C. Cir. 1980); *see also, Western Union International Inc. v. Federal Communications Com.*, 568 F.2d 1012, 1018 (2d Cir. 1977)("Functional similarity 'has been used

---

[1] *See* RCN's Memorandum of Law In Support Of Motion To Dismiss at page 6.

2

in the past as a criterion for determining likeness for section 202(a) purposes.'")(internal citation omitted). This test "looks to the nature of the services offered to determine likeness," and "the perspective of the customer faced with differing services is often considered a significant factor." *ABC*, 663 F.2d at 139.

Here, Mr. Feige's perspective as the customer carries significant weight. As the Affidavit of David Feige ("Feige Aff.") submitted herewith demonstrates, the exact same customer service functions are implicated any time a consumer calls RCN's customer service department: the RCN customer service representative (1) answers the call; (2) inquires the purpose of the call, and (3) transfers the call to another line. Feige Aff. ¶¶ 2-4. The customer services at issue thus are not different in any material functional respect.

It is the condition in which these services are offered that differs dramatically, depending on whether the customer wants to purchase RCN services (in which case, the customer is transferred to a line that is answered immediately) or cancel RCN Services (in which case, the customer is transferred to a line or multiple lines that are not answered). As the Feige Affidavit shows, RCN discriminates against customers who seek to cancel their services by transferring them to lines which unreasonably go unanswered. Feige Aff. ¶¶ 2-6.

Indeed, when Mr. Feige called RCN customer service to originate his subscription to the RCN services, his call was transferred to a line that was answered in minutes. Feige Aff. ¶ 2. Similarly, when Mr. Feige called RCN customer service and indicated that he wanted to purchase additional services, his call was transferred to a line that was answered immediately. *Id.* ¶ 4. However, on the multiple occasions when Mr. Feige called RCN customer services and informed the RCN customer service representative that he wanted to cancel his RCN services, his calls were

3

transferred to lines that were never answered. *Id.* ¶¶ 3-6. After Mr. Feige waited on hold an average of thirty to forty minutes, his calls were disconnected. *Id.* ¶¶ 3, 6. While there was no material difference in the functions that RCN performed each time Mr. Feige called (answering the phone, inquiring the purpose of the call, and transferring the call), there was discriminatory treatment by RCN of customers like Mr. Feige who sought to cancel RCN services - these customers are transferred to lines which simply go unanswered. RCN thus offers the same service functions, but under unreasonably different conditions, depending on whether the customer seeks to purchase or cancel RCN services. This is discriminatory treatment under the Federal Communications Act, 47 U.S.C. § 202(a).

RCN's argument that different functions are involved in the actual closing of an account, as opposed to the opening of one, misses the mark. Despite Mr. Feige's efforts to close his RCN account in the manner proscribed by RCN, he has been prevented by RCN from doing so. Thus, any ultimate closing functions performed by RCN, whatever they may be, unfortunately have not occurred here and are not at issue.

## II. RCN's Motion Should Be Denied In All Respects

Contrary to RCN's argument, the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007), which requires pleadings to be plausible, did not "retire" the pleading standard set forth in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, 122 S. Ct. 992 (2002), or impose a heightened pleading standard. As the Supreme Court held in *Twombly*:

> This analysis does not run counter to *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, 122 S. Ct. 992, which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007) (holding antitrust claim for violation of the Sherman Act, § 1, was properly dismissed).

Here, Plaintiff's claims are plausible on their face and sufficiently plead. Because RCN requires customers to cancel their RCN services by telephone alone, RCN must reasonably allow its customers to do so. RCN does not. Instead, RCN discriminates against customers seeking to cancel RCN services by transferring their calls to lines which go unanswered, while immediately answering the calls of customers seeking to purchase RCN services. RCN thus obstructs, delays and prevents cancellations. As a result, customers must continue to pay for RCN services that they no longer want and also are prevented by RCN's "freeze features" from switching to a less expensive competitor. Nothing more is required to state a claim for violation of the Federal Communications Act, 47 U.S.C. §202(a) and the New York consumer protection statute.

### III. Conclusion

For the reasons set forth herein, and in Plaintiff's opposition brief, RCN's motion to dismiss must be denied in its entirety.

Dated: February 6, 2008

GISKAN SOLOTAROFF & ANDERSON LLP

*/s/ Catherine Anderson*
Oren Giskan (OG 3667)
Catherine E. Anderson (CA 5129)
11 Broadway – Suite 2150
New York, NY 10004
212.847.8315

KAMBER & ASSOCIATES
Ethan Preston
11 Broadway – 22nd Floor
New York, NY 10004

5

```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DAVID FEIGE, On Behalf of Himself and              :    No. 07-CV-8539(AKH)
All Other Persons Similarly Situated,              :
                                                   :
                                                   :
                              Plaintiff,           :
    vs.                                            :
                                                   :
                                                   :
                                                   :
RCN CORPORATION,                                   :
                                                   :
                              Defendant.           :
-----------------------------------------------------------------x
```

### AFFIDAVIT OF DAVID FEIGE

**STATE OF NEW YORK**           )
                                ) ss.:
**COUNTY OF NEW YORK**          )

I, David Feige, being duly sworn, deposes and says:

1. I am the Plaintiff in the above-captioned action. I submit this affidavit in support of Plaintiff's Memorandum of Law in Opposition to Defendants' Rule 12 (B)(2) Motion to Dismiss.

2. I became a subscriber to RCN's Services in or around March 2005. I originated my subscription to RCN's Services by calling RCN's customer service department. I informed the RCN customer service representative who answered my call that I wanted to sign up for a combination of services including phone, internet and cable. My call was transferred to the appropriate line and my call was answered in minutes. I experienced no difficulties subscribing to RCN Services by telephone.

3. When I called to cancel my RCN Services, I again called RCN customer

services. When I informed the RCN customer service representative who answered my call that I wanted to cancel my RCN services, I was then transferred to another line and placed on hold for over 30 minutes before the line went dead.

4. I made a number of subsequent attempts to cancel my RCN services by telephone. When I would attempt to get through directly to the cancellation department, I was invariably put on hold for such extended periods of time that I eventually hung up. As a result, I began to try to reach a customer service representative pressing the option indicating that I wished to add additional services. Those calls were answered within seconds or minutes, but when I indicated that I wished to cancel, each representative explained either that this was not their department, in which case I was transferred back to the interminable hold line, or that the cancellation department was closed. It also appeared that cancellation was impossible during weekends and other non-business hours.

5. On the rare occasions that I was able to reach a customer service representative, I was also told that they were unable to cancel my account without my making additional payments or speaking to the billing department.

6. On one occasion I waited more than 40 minutes for someone at RCN to answer my call, after which RCN disconnected the call.

Dated: February 4, 2008
New York, New York

_David Feige_

Sworn to before me this
4th day of February, 2008

_Catherine Anderson_
Notary Public

CATHERINE E. ANDERSON
Notary Public, State of New York
No. 02AN5079715
Qualified in New York County
Commission Expires 06/09/11

2