

450 Lexington Avenue
New York, NY 10017
212.850.2800 Phone
212.850.2929 Fax
andrewskurth.com

Joseph A. Patella
212.850.2839 Phone
josephpatella@andrewskurth.com

February 8, 2008

**VIA ECF FILING**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York  10007

      Re:   *David Feige v. RCN Corporation 07 cv 8539*

Dear Judge Hellerstein:

      This letter responds to Plaintiff's motion for leave to file a sur-reply in further opposition to Defendant's motion to dismiss. Plaintiff's motion is improper as neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this Court recognize the right of a litigant to file a sur-reply. Moreover, sur-replies are permitted in only extraordinary circumstances, *see, e.g. Gannon v. Continuum Health Partners, Inc.*, 2007 WL 2040579 (S.D.N.Y. 2007), and Plaintiff has failed to make such a showing here. Plaintiff's claim that Defendant RCN Corporation ("RCN") improperly raised a new argument in its reply brief is simply incorrect. RCN addressed the provision of "like" services under section 202(a) of the Federal Communications Act ("FCA") in its initial motion papers. Additionally, since Plaintiff discussed the provision of "like" services his opposition, RCN was permitted to address it on reply even if RCN did not raise this issue in its initial motion papers. *Toure v. Central Parking Systems of New York*, 2007 WL 2872455 at *2 (S.D.N.Y. Sept. 28, 2007) (holding that court could consider new arguments on reply if "they respond to issues raised in opposition or amplify points already made on the initial motion"). Furthermore, the inclusion of Plaintiff's proposed sur-reply memorandum with his motion seeking leave to file such document is inappropriate. *See Correspondent Servs. Corp. v. JVW Inv., Ltd.*, 2004 U.S. Dist. LEXIS 19341 (S.D.N.Y. 2004) (holding that the motion for leave was procedurally flawed, insofar as the proposed sur-reply memorandum was filed in conjunction with and attached to the motion); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) vacated in part on other grounds, 739 F. Supp. 209 (S.D.N.Y. 1990) ("Since neither the Federal Rules of Civil Procedure nor the Local Civil Rules address the standard for submission of sur-reply papers, the Court finds that a sur-reply memorandum shall not be accepted without prior leave of court."). Accordingly, Plaintiff's sur-reply memorandum should be disregard.

Judge Alvin K. Hellerstein
February 8, 2008
Page 2

      Should the Court allow the sur-reply, RCN respectfully requests the right to submit a response which will address the factual allegations set forth in Plaintiff's affidavit which are not alleged in his complaint, and Plaintiff's misapplication of the standard for determining "likeness" of services pursuant to the FCA.

      Respectfully submitted,

      Joseph A. Patella (JP 3196)

cc:    Oren S. Giskan, Esq. (via electronic filing)
       Scott A. Kamber, Esq. (via electronic filing)

NYC:172683.1