UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
DAVID FEIGE, On Behalf of Himself and All : 
Other Persons Similarly Situated : **ORDER GRANTING**
: **MOTION TO DISMISS**
                    Plaintiff, :
   -against- : 07 Civ. 8539 (AKH)
:
RCN CORPORATION, :
:
                  Defendant. :

-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Defendant RCN Corporation, which provides telephone and Internet services to residential and small business customers in the northeastern United States, brings this motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's class action claims against defendant under Section 349 of the New York General Business Law and Section 202(a) of the Federal Communications Act ("FCA").  For the reasons stated below, the motion is granted.

      **I.    Facts**

       Plaintiff Feige alleges three distinct claims against RCN.  Plaintiff's first claim is that RCN maintained unjust and unreasonable business practices in violation of 47 U.S.C. § 201(b), in order to keep RCN customers from switching to other providers.  Plaintiff's second claim is that RCN violated 47 U.S.C. § 202(a) by discriminating against customers who wished to cancel their service, by subjecting those customers to long hold times, disconnected calls, and "freezing" of telephone service.  Plaintiff's third claim alleges a violation of N.Y. Gen. Bus. L. § 349, which prohibits businesses from engaging in deceptive acts or practices while furnishing services to consumers.  Defendants are moving to dismiss only the second and third claims.

The facts underlying plaintiff's claims are as follows. Plaintiff subscribed to RCN's telephone services in March 2005, and when he attempted to switch to competitor Vonage's service in September 2007, he faced hold times "so lengthy that he was forced to hang up," and on one occasion, was placed on hold for 45 minutes before the call was disconnected. Cplt. ¶¶ 21-22. He also claims that he was informed that his number had a "freeze feature" on it, and he would have to contact a different department to remove that feature before his phone service could be transferred. Id. According to the plaintiff, as a result of RCN's practices, he and other members of the putative class were damaged by the imposition of service fees as well as lost time and effort. Id. ¶ 34. Defendant RCN claims that plaintiff cannot prove that he has been deceived in any way, or that he suffered any injury as a result of RCN's business practices.

## II.     Analysis

In order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007). In assessing the legal sufficiency of a claim, the trial court may consider facts alleged in the complaint, as well as "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000).

RCN's motion to dismiss requires the Court to determine whether plaintiff's pleadings are legally sufficient to support claims under 47 U.S.C. § 202(a) and N.Y. Gen. Bus. L. § 349. I find that they are not.

In order to prove a prima facie case of a violation of N.Y. Gen. Bus. L. § 349, a plaintiff must show that "a defendant intended to deceive its customers to the customers' detriment and was successful in doing so." Samiento v. World Yacht, Inc., 10 N.Y.3d 70, 2008

WL 382346, at *5 (2008). In addition, "proof that a material deceptive act or practice caused actual, although not necessarily pecuniary, harm is required to impose compensatory damages." Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 56 (1999). Here, while the plaintiff may have suffered harm, he has failed to show that defendant RCN intended to deceive its customers. Accordingly, this claim must be dismissed.

Plaintiff's second cause of action is equally meritless. Section 202(a) of the FCA makes it unlawful for "any common carrier to make any unjust or unreasonable discrimination in charges, practices . . . or services for or in connection with like communication service." 47 U.S.C. §202(a). To show discrimination under the statute, plaintiff must proffer sufficient evidence for a jury to find that i) the services are "like"; ii) if so, the carrier is offering the service to other customers at a different price or under different conditions than those offered to plaintiff, and iii) if such difference exists, it is unreasonable. Telecom Int'l America, Ltd., v. AT&T Corp., 280 F.3d 175, 199 (2d Cir. 2001). It is the plaintiff's burden to allege sufficient facts to fulfill these elements, and plaintiff has not done so here. The first and second elements of the test have not been met – there are no "like services" to speak of here, and even if there were, RCN is not offering "the service" (presumably a simpler cancellation method) to other customers at a different price or different conditions. This claim must also be dismissed.

The oral argument scheduled for April 7, 2008 at 4 p.m. is cancelled. Parties are to appear before me on April 11, 2008 at 9:30 a.m. for a status conference to discuss remaining issues in the case.

SO ORDERED.

Dated:   April _3_, 2008
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3