RECEIVED
APR 10 2008
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

# Giskan, Solotaroff & Anderson, LLP
### ATTORNEYS AT LAW

11 Broadway, Suite 2150
New York, NY 10004

TELEPHONE: (212) 847-8315

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/11/08

April 10, 2008

By Fax

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Rm 1050
New York, NY 10007-1312

Plaintiff's motion for reconsideration is denied. Plaintiff has failed to allege a "deceptive business practice" in this case, as defined by N.Y.Gen.Bus.L §349(a), or that def't's acts were "misleading in a material way." See Stutman v. Chemical Bank, 95 N.Y.2d 24, 29 (2000). Accordingly, the decision to grant the motion to dismiss stands.

[signature]
4/10/08

RE: *Feige v RCN No 07 Civ 8539*

Dear Judge Hellerstein:

I write in advance of the Court's status conference to bring to the Court's attention a matter Plaintiff intends to raise at the conference tomorrow.

In the Court's decision of April 3, 2008, it granted Defendant's motion to dismiss Plaintiff's claim under New York GBL 349 on the grounds that Plaintiff "failed to show that defendant RCN intended to deceive its customers." In support of its finding that "intent to deceive" was an element under GBL 349, the Court cited to the recent decision of the New York Court of Appeals in *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70, 2008 N.Y. LEXIS 228 at **15-16 (2008). Plaintiff respectfully submits that the Court should reconsider its reliance on the *Samiento* decision for the reasons set forth below.

First, despite the fact that the *Samiento* court relied on *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 (1999) for the proposition that GBL 349 requires a showing of "intent to deceive," the *Small* court reached the opposite conclusion. *Id.* at 56 (holding "Intent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim."). Both the New York Court of Appeals and courts in this Circuit have affirmed the conclusion that GBL 349 does not require proof of an intent to deceive. See e.g., *Stutman v. Chemical Bank*, 95 N.Y. 2d 24, 29-30 (2000); *Blue Cross and Blue Shield of New Jersey v. Phillip Morris USA Inc.*, 344 F. 3d 211, 219 (2nd Cir. 2003); *M.V.B. Collision, Inc. v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 57930 at *15 (E.D.N.Y. 2007).

Second, the portion of the *Samiento* decision relied upon by this Court was dicta.[1] The issue of whether GBL 349 requires an intent to deceive was not before the Court of Appeals as evidenced by the opinion which was the basis for the appeal in that case. *Samiento v. World Yacht, Inc.*, 833 N.Y.S. 2d 2, 3 (1st Dep't 2007)(dismissing for failure to allege injury and deception rather than failure to allege intent to deceive). As in *Samiento*, the Defendant in the present action did not raise Plaintiff's failure to allege intent to deceive as a basis for its motion to dismiss Plaintiff's GBL 349 claim.

Lastly, even if the Court of Appeals in *Samiento* created a new element for a claim under GBL 349, plaintiff did allege that RCN intended to deceive its customers. *See* Complaint ¶27 ("RCN engages in these practices to prevent its subscribers from cancelling RCN's services. As a result, RCN continues to receive revenue from these subscribers.") Should the Court find this allegation insufficient to allege intent to deceive, Plaintiff would request leave to amend his complaint.

Respectfully submitted,

Oren Giskan

cc:   Lynne Uniman, Esq. (By email)
      Joseph Patella, Esq. (By email)

---

[1] Indeed, the Samiento case was predominatly a Labor Law case, rather than a consumer protection case like the present action.

2