UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x
DAVID FEIGE, On Behalf of Himself and All   :
Other Persons Similarly Situated,
                                                                                        :
                      Plaintiff,                           Case No. 07 cv 8539  (AKH)
                                                                              :
       -against-
                                                                              :
RCN CORPORATION,
                                                                              :
                    Defendant.
------------------------------ x

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant RCN Corporation ("RCN"), by and through undersigned counsel, hereby answers Plaintiff's Class Action Complaint ("Complaint") as follows:

1. Admits that Plaintiff so alleges in paragraph 1 of the Complaint, and denies that this action is a proper class action.

2. Admits that Plaintiff so alleges in paragraph 2 of the Complaint, and denies that this action is a proper class action.

3. The allegations in paragraph 3 relate to a claim that has been dismissed and no response is required.

4. Denies the allegations set forth in paragraph 4 of the Complaint.

5. Admits the Plaintiff so alleges in paragraph 5 of the Complaint, and denies the truth of any wrongdoing on the part of RCN.

6. Denies the allegations set forth in paragraph 6 of the Complaint to the extent they are is based on a claim that has been dismissed and otherwise refers all questions of law to this Honorable Court.

NYC:175226.1

7. Denies the allegations set forth in paragraph 7 of the Complaint, except admits that Defendant RCN is incorporated in Delaware.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and refers all questions of law to this Honorable Court.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff has been a customer of RCN.

10. Denies the allegations set forth in paragraph 10 of the Complaint, except admits that RCN provides cable television, telephone and internet services to customers in the Boston, New York, eastern Pennsylvania, Washington, D.C. and Chicago metropolitan areas. RCN is publicly traded on the NASDAQ under the symbol "RCNI." RCN maintains its corporate headquarters at 196 Van Buren Street, Herndon, Virginia.

11. Admits that Plaintiff so alleges in paragraph 11 of the Complaint, and denies that this action is a proper class action.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint, except admits that Plaintiff allege he is a member of the purported classes.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Admits the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint but states that calling is one way for a customer to cancel service.

24. Denies the allegations set forth in paragraph 24 of the Complaint, except admits that Plaintiff had communications with RCN.

25. Denies the allegations set forth in paragraph 25 of the Complaint to the extent of its reference to "same manner" but admits that RCN does not discriminate in its treatment of customers who wish to cancel services.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint, except admits that in 2001 RCN entered into an agreement with the New York Attorney General's office, the terms of which are a matter of public record.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Repeats and realleges the responses to the allegations set forth above, as if set forth herein at length.

3

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 relate to a claim that has been dismissed and no response is required.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. Admits that Plaintiff so alleges in paragraph 35 of the Complaint, and denies that this action is a proper class action.

36. Repeats and realleges the responses to the allegations set forth above, as if set forth herein at length.

37. The allegations in paragraph 37 relate to a claim that has been dismissed and no response is required.

38. The allegations in paragraph 38 relate to a claim that has been dismissed and no response is required.

39. The allegations in paragraph 39 relate to a claim that has been dismissed and no response is required.

40. The allegations in paragraph 40 relate to a claim that has been dismissed and no response is required.

41. The allegations in paragraph 41 relate to a claim that has been dismissed and no response is required.

**FIRST AFFIRMATIVE DEFENSE**

42. Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

43. Plaintiff's cause of action is barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

44. Plaintiff's alleged damages were caused in whole or in part by Plaintiff's own conduct and/or negligence.

### FOURTH AFFIRMATIVE DEFENSE

45. A class action cannot be maintained as Plaintiff's purported class is not certifiable.

### FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims against RCN are refuted in whole or in part by documentary evidence.

### SIXTH AFFIRMATIVE DEFENSE

47. This Court lack subject matter jurisdiction over the present action.

WHEREFORE, RCN demands judgment dismissing Plaintiff's Complaint with prejudice in its entirety and awarding RCN its costs and disbursements, and such other and further relief as this Court deems just and proper.

Dated: April 14, 2008                               ANDREWS KURTH LLP

                                                    By:  /s/ Joseph A. Patella
                                                         Lynne M. Fischman Uniman (LU6750)
                                                         Joseph A. Patella (JP3196)
                                                         Attorneys for Defendant
                                                         450 Lexington Avenue
                                                         New York, New York  10017
                                                         (212) 850-2800

5

NYC:175226.1