IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

DAVID FEIGE, On Behalf of Himself and     :     C.A. No.  07-CV-8539 (AKH)
All Other Persons Similarly Situated,        :

                                      :

               Plaintiff,     :

    vs.                               :

                                      :

RCN CORPORATION,             :

                                      :

               Defendant.     :

------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR <u>RECONSIDERATION</u>

GISKAN SOLOTAROFF ANDERSON
& STEWART LLP
Oren Giskan (OG 3667)
Catherine E. Anderson (CA 5129)
11 Broadway, Suite 2150
New York, NY 10004
Tel: (212) 847-8315


KAMBER EDELSON
Scott A. Kamber (SK 5794)
Ethan Preston
11 Broadway- 22nd Floor
New York, NY 10004
(212) 920-3072

*Counsel for Plaintiff*

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................1

    A.    **Statement Of Facts** ...............................................1

    B.    **Procedural History** ...............................................2

II.    **ARGUMENT** ...........................................................3

    A.    **GBL § 349 Serves A Purpose Independent Of 47 U.S.C. §201(b)** ..........4

        1.  The FCA Does Not Apply To Cable And Internet Services ...............4

        2.  The FCA Does Not Provide Relief For False Representations And False Billing Practices ...........................................5

    B.    **Plaintiff Has Alleged RCN's Conduct Is Deceptive Under GBL § 349** .......6

        1.  RCN's Acts Are Deceptive ...........................................6

        2.  An Unlawful Act Under 47 U.S.C. § 201(b) Satisfies The Deceptive Element of GBL § 349 ...................................................9

    C.    **Leave To Amend Should Be Granted** ...............................10

III.    **CONCLUSION** .......................................................10

Affidavit of David Feige ...........................................Exhibit 1

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

Plaintiff David Feige, on behalf of himself and all persons similarly situated, respectfully submits this Memorandum of Law in support of Motion for Reconsideration, filed in accordance with the Court's Order Regulating Proceedings dated April 16, 2008, and pursuant to Rules 54(b) and 60(b) of the Federal Rules of Civil Procedures and Rule 6.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York.

## I.    INTRODUCTION

In accordance with the Court's Order Regulating Proceedings dated April 16, 2008, Plaintiff seeks reconsideration and revision of the Court's Memorandum and Order entered April 3, 2008, dismissing Plaintiff's claims for violation of New York General Business Law, § 349 ("GBL § 349") with prejudice, and the Court's endorsement filed April 11, 2008, dismissing the same claim on alternative grounds with prejudice. Plaintiff seeks reinstatement of his GBL § 349 claim.

### A.    Statement Of Facts

Plaintiff and other similarly situated consumers have been prevented by defendant RCN Corporation ("RCN") from cancelling their Internet, telephone and cable television services (collectively, "RCN Services"). As a result, they continue to be billed by, and forced to pay, RCN for services they no longer want and are prohibited from switching to a competitor. RCN's Terms and Conditions of service require customers to cancel their RCN Services by calling RCN customer services by telephone. Complaint ¶¶ 23, 29. However, once a customer informs an RCN customer service representative that s/he wishes to cancel the RCN Services, RCN obstructs cancellation. RCN routinely engages in unfair, deceptive and discriminatory practices, including freezing the customer's telephone number, placing the customer on hold for extraordinarily long periods of time

(as long as 45 minutes), transferring customers repetitively from one department to another, disconnecting customer's calls, and otherwise failing to provide a reasonable procedure for cancelling RCN Services and enabling the customer to transfer his/her telephone, cable and/or Internet services to other providers. Complaint ¶¶ 24, 25, 26, 28, 32, 37. In contrast, when a customer calls RCN customer service to purchase a service, his or her call is handled immediately by RCN.[1]

> **B.**           **Procedural History**

In his Complaint, Plaintiff sought injunctive relief, on behalf of himself and a class of others similarly situated, against RCN for unfair and deceptive business practices in violation of Section 349 of the New York General Business Law ("GBL § 349"), violation of the Federal Communications Act ("FCA") 47 U.S.C. § 201(b) for unjust and unreasonable business practices and 47 U.S.C. § 202(a) for discrimination.

In December 2007, Defendant RCN moved to dismiss Plaintiff's claims for violation of GBL § 349 and 47 U.S.C. § 202(a). Defendant RCN did not move to dismiss Plaintiff's claim for violation of 47 U.S.C. § 201(b) of the FCA for unjust and unreasonable business practices.

On April 3, 2008, the Court granted defendant's motion to dismiss. The Court dismissed Plaintiff's GBL § 349 on the grounds that Plaintiff "failed to show that defendant RCN intended to deceive its customers." In support of its finding that "intent to deceive" was an element under GBL § 349, the Court cited the recent decision of the New York Court of Appeals in *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70, 2008 N.Y. LEXIS 228 at **15-16 (2008). The Court also dismissed

---

[1] *See* Affidavit of David Feige, Docket entry Number 14, and also attached hereto as Exhibit 1.

Plaintiff's claim for discrimination in violation of 47 U.S.C. § 202(a).     Plaintiff's claim for violation of 47 U.S.C. § 201(b) of the FCA for unjust and unreasonable business practices, which was not challenged on the motion to dismiss, stands.

In a letter to the Court dated April 10, 2008, Plaintiff respectfully submitted that the Court reconsider its dismissal of Plaintiff's GBL § 349 claim for failure to allege intent as an element of the claim and its reliance on the *Samiento* decision in that respect. On April 11, 2008, the Court endorsed the April 10, 2008 letter from Plaintiff denying Plaintiff's request for reconsideration and dismissing the GBL § 349 claim with prejudice on alternative grounds for failure to allege a deceptive practice and/or that defendant's acts were not "misleading in a material way." *Id.*

Following a letter from Plaintiff seeking clarification, on April 16, 2008, the Court issued its Order Regulating Proceedings holding, *inter alia*, that notwithstanding the April 11, 2008 endorsement, Plaintiff may move for reconsideration by April 30, 2008. The April 16, 2008 Order directed Plaintiff to address in his motion (1) whether, in light of the first cause of action, which sufficiently states a claim under 47 U.S.C. §201(b) of the FCA for unjust and unreasonable business practices, a claim under GBL § 349 serves any purpose; and (2) whether the allegations against defendant constitute deception and are not merely illegal for some other reason.[2]

## II.     **ARGUMENT**

The Second Circuit permits a court to reconsider an order under Federal Rule 54(b) when "there is 'an intervening change of controlling law, the availability of new evidence, or the need to

_____

[2] The April 16, 2008 Order indicated that further briefing on the issues of intent to deceive is unnecessary since the April 11, 2008 endorsement found that plaintiff's GBL § 349 claim failed to meet one of the required elements of the GBL §349 claim of a material misleading or deceptive act.

correct a clear error or prevent a manifest injustice.'" *Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Under Federal Rule 60(b), a court is given further discretion to revise orders based on a "mistake" or "newly discovered evidence." Local Rule 6.3 expressly recognizes a party's right to seek reconsideration.

Reconsideration is appropriate here to correct an error and prevent injustice.

### A.      GBL § 349 Serves A Purpose Independent Of 47 U.S.C. §201(b)

The parties and this Court agree that Plaintiff has sufficiently stated a claim against defendant RCN for violation of 47 U.S.C. § 201(b) of the FCA for unjust and unreasonable business practices.[3] Plaintiff's claim for violation of GBL § 349 serves a purpose independent of Plaintiff's sufficiently plead claim for violation of 47 U.S.C. § 201(b).

### 1.      The FCA Does Not Apply To Cable And Internet Services

The FCA applies to telecommunications services, but does not apply to cable and Internet services. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 996-997 (U.S. 2005)(holding that FCC's Telecommunications Act, 110 Stat. 56, ruling classifying broadband cable modem service as an "information service" because Internet access was a capability for manipulating and storing information, but not a "telecommunications service" was reasonable.) Plaintiff has brought his action on behalf of himself and similarly situated consumers who use

---

[3] The FCA provides:
[a]ll charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is hereby declared to be unlawful.

47 U.S.C. § 201(b).

4

RCN's telephone, cable and/or Internet services. Plaintiff's GBL § 349 claim is necessary to obtain relief with respect to RCN's cable and Internet services.

>2.     The FCA Does Not Provide Relief For False Representations And False Billing Practices

Plaintiff's GBL § 349 claim is also necessary because the FCA may not provide relief for deceptive representations, non-disclosures and false billing practices. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir. N.Y. 1998)("while the FCA does provide some causes of action for customers, it provides none for deceptive advertisement and billing."); *DeCastro v. AWACS, Inc.*, 935 F. Supp. 541, 550 (D.N.J. 1996)("the Court finds that the [Federal Communication] Act's civil enforcement provision does not provide a remedy through which a customer may recover for a common carrier's failure to disclose a billing practice.").

Accordingly, with respect to "state law actions prohibiting deceptive business practices, false advertisement, or common law fraud, it [the FCA] evidences Congress's intent to allow such claims to proceed under state law." *Id.*; *see also, Moriconi v. AT&T Wireless PCS, LLC*, 280 F. Supp. 2d 867, 874 (E.D. Ark. 2003)("the statutory language, the legislative history, and the savings clause [of 47 U.S.C. § 201] compel the conclusion that Congress envisioned that consumers would not be deprived of their state law causes of action for consumer related fraud."); *In re Wireless Consumers Alliance, Inc.*, 15 F.C.C.R. 17021, 17035-36 (FCC 2000) (holding a carrier " may still be subject to damages for a non-disclosure or false advertising claim under applicable state law if it . . . fails to inform consumers of other reasonable terms, conditions, or limitations on the service it is providing.").

Here, defendant RCN has represented that consumers must cancel their RCN Services by

telephone only, and thus impliedly has represented (falsely) that consumers reasonably may do so simply by placing a telephone call. This is a deceptive representation. Had RCN disclosed that it obstructs, impedes, delays and prevents consumer's attempts to cancel, no reasonable consumer would agree to pay, or pay as much, for their RCN Services. Moreover, as a result of RCN's deceptive practices in failing to provide a reasonable means for consumers to cancel their RCN Services, consumers are forced to pay RCN for services which they no longer want but cannot reasonably cancel. This amounts to deceptive billing practices by RCN.

**B.    Plaintiff Has Alleged RCN's Conduct Is Deceptive Under GBL § 349**

The April 11, 2008 endorsement holds that Plaintiff has failed to allege the element of a deceptive act by RCN under GBL § 349. The Court's Order Regulating Proceedings dated April 16, 2008, directs Plaintiff to show that RCN's conduct was deceptive, apart from being unlawful and in violation of 47 U.S.C. § 201(b).

1.    RCN's Acts Are Deceptive

As alleged in the Complaint, RCN represents to consumers that they must cancel their RCN Services (telephone, cable and Internet) by calling RCN customer service, and impliedly (and falsely) represents that customers can reasonably do so by placing a telephone call.[4]   RCN fails to disclose

---

[4]New York recognizes as implicit in every contract "a covenant of good faith and fair dealing in the course of contract performance." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 663 N.E.2d 289, 291, 639 N.Y.S.2d 977 (N.Y. 1995); see also *Jofen v. Epoch Biosciences, Inc.*,2002 U.S. Dist. LEXIS 12189 at *8 (S.D.N.Y. July 8, 2002). This covenant incorporates "any promises which a reasonable person in the position of the promisee would be justified in understanding were included," *Rowe v. Great Atl. & Pac. Tea Co.*, 46 N.Y.2d 62, 385 N.E.2d 566, 569, 412 N.Y.S.2d 827 (N.Y. 1978) (citation and quotation marks omitted). The covenant includes a pledge that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* at 291 (quoting *Kirke La Shelle Co. v. Armstrong Co.*, 263 N.Y. 79, 188 N.E. 163, 167 (N.Y. 1933)); see also *M/A-COM Sec. Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990).

that when customers call RCN customer service and request cancellation that RCN impedes, obstructs and unreasonably delays or prevents cancellation. Nowhere does RCN disclose that callers requesting cancellation are routinely transferred from department to department, kept waiting on hold for up to 45 minutes, and disconnected. In contrast, customers who call RCN's customer service to purchase a service are immediately assisted. *See* Exhibit 1. RCN's material false and deceptive representations and omissions about its services violates GBL § 349.

"A deceptive act or practice' is a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances'". *Zurakov v Register.Com, Inc*, 304 A.D.2d 176, 760 N.Y.S.2d 13 (1st Dept 2003), quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25-26, 647 N.E.2d 741 (1995). Here, Plaintiff has sufficiently alleged that reasonable consumers are misled by RCN's representations with respect to their ability to cancel RCN Services by telephone.

In *Relativity Travel, Ltd. v. JP Morgan Chase Bank*, 2006 NY Slip Op 51926U, 4 (N.Y. Sup. Ct. 2006), the court held that Plaintiff had alleged a deceptive practice under GBL § 349 where Chase's overall business practices had the tendency to mislead the consumer. In *Relativity Travel*, the plaintiff alleged that even where Chase had disclosed in the Deposit Account Agreement that it would charge a 3.5% foreign ATM currency transaction fee, Chase otherwise led consumers to believe that it would charge only $3 for this fee. *Id.* The court in *Relativity Travel* held, "Chase's practices as a whole including the failure to list the surcharge on the Account Statement or on Chase's website and the failure to properly inform its representatives about the surcharge are sufficient, if proved, to establish a prima facie case [under GBL § 349]." *Id.*

Here, not only do RCN's overall business practices have the tendency to mislead reasonable

7

consumers about their ability to cancel RCN Services, but no where does RCN disclose its obstructionist cancellation practices. RCN thus fails to disclose material information concerning the customer's account. See *Oswego*, 85 N.Y.2d at 27 (claim for violation of GBL § 349 stated based on defendant's failure to disclose limitations on customers' accounts); see also, *McGill v. GMC*, 231 A.D.2d 449, 450 (N.Y. App. Div. 1st Dep't 1996) (deceptive act plead under GBL § 349 where plaintiff alleged that defendant failed to inform customers "that they could have their rear disc brakes fixed by GM by simply paying a $ 100 deductible on their service contract"). Indeed, had RCN disclosed the hardships routinely faced by customers seeking to cancel RCN Services, no reasonable customer would agree to pay, or pay as much, for RCN Services.

In addition to making materially false and deceptive representations and omissions about its services, RCN has engaged in deceptive billing practices. By prohibiting customers from reasonably cancelling their RCN Services, and switching to another provider, RCN bills customers for services they no longer want but cannot reasonably cancel. RCN's false billing practices constitute a deceptive act. *See, e.g.*, *Prado v. Novello*, 301 A.D.2d 692, 694 (N.Y. App. Div. 3d Dep't 2003)(holding under separate statute that "repeated false billing practices demonstrate deliberate deceit.").

By way of analogy, RCN's practices are no different than a retailer that offers a 30 day money back guarantee but fails to staff the return desk where the customer must go to get his or her money back. As the Court observed at the April 11, 2008 status conference, at a minimum, plaintiff's allegation that RCN's failure to provide a reasonable means of cancellation is a violation of GBL § 349 raises factual issues which preclude dismissal at this stage of the litigation.

2.      An Unlawful Act Under 47 U.S.C. § 201(b) Satisfies The Deceptive Element
of GBL § 349

The element of deception or material misrepresentation under GBL § 349 is also satisfied

where, as here, the defendant's acts are otherwise unlawful and in violation of another statute or

regulation aimed at protecting consumers.  See *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126

(2d Cir. N.Y. 2007)(where plaintiff alleged bank's charging of a fee violated RESPA, plaintiff also

satisfied the element of a materially misleading act under GBL § 349); *Kidd v. Delta Funding Corp.*,

2000 N.Y. Misc. LEXIS 29 (Sup. Ct., N.Y. County, Feb. 22, 2000)(defendants' charging illegal

mortgage processing fees, in violation of N.Y. Comp. Codes R. & Regs. tit. 3, §§ 38.1, 38.3.,

satisfied deceptive act element of GBL § 349; "defendant's conduct in imposing and collecting the

illegal fees, and impliedly representing that it was entitled to such fees, constitutes deceptive conduct

within the scope of GBL § 349."); *Walts v. First Union Mortgage Corp.*, 259 A.D.2d 322, 686

N.Y.S.2d 428 (1st Dept 1999)(where defendant charged fees in violation of Insurance Law § 6503,

"Plaintiffs have adequately alleged a materially deceptive practice aimed at consumers."); *Carney

v. Coull Bldg. Inspections, Inc.*, 2007 NY Slip Op 51414U, 6-7 (N.Y. Civ. Ct. 2007)(holding that

the "failure of the home inspector to comply with RPL Article 12-B, constitutes a deceptive act and

practice under General Business Law 349 and entitles the claimant to damages in that regard" and

recognizing that "[t]his court has held on other occasions that the failure of a business to comply

with the terms of regulatory statute designed to protect a consumer may be a violation of GBL

349."); *Amiekumo v. Vanbro Motors, Inc.*, 2004 NY Slip Op 50321U, 3 (N.Y. Civ. Ct. 2004)(holding

that while "GBL 396-t does not create a private right of action in regard to violations of the statute

by the merchant. . . . the actions of the defendant in failing to comply with the requirements of GBL

396-t amount to a deceptive act in the conduct of the defendant's business [in violation of GBL § 349]").

Because RCN has engaged in conduct which has been sufficiently alleged by Plaintiff to be an unlawful and unfair business practice under the FCA 47 U.S.C. § 201(b) - a statute aimed at protecting the consumer, RCN has engaged in deceptive conduct *per se* in violation of GBL § 349.

## C.    Leave To Amend Should Be Granted

In the event that the Court believes that Plaintiff has failed to adequately allege a deceptive practice, Plaintiff respectfully submits that he be granted leave to amend his complaint. *Forman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962)( leave to amend should be freely given).

## III.    CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court reconsider its April 3 Order and April 11 endorsement dismissing Plaintiff's claim for violation of GBL § 349, and that this claim be reinstated.  Alternatively, Plaintiff's request for leave to amend the pleadings should be granted.


Dated: April 30, 2008
       New York, NY                         GISKAN SOLOTAROFF ANDERSON
                                                 & STEWART LLP


                                      _____/S/_____
                                      Oren Giskan (OG 3667)
                                      Catherine E. Anderson (CA 5129)
                                      11 Broadway, Suite 2150
                                      New York, NY 10004
                                      Tel: (212) 847-8315

10

KAMBER EDELSON
Scott A. Kamber (SK 5794)
Ethan Preston
11 Broadway- 22nd Floor
New York, NY 10004
(212) 920-3072

*Counsel for Plaintiff*

11

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

DAVID FEIGE, On Behalf of Himself and     :    No. 07-CV-8539(AKH)
All Other Persons Similarly Situated,          :
                                            :
                                            :
                   Plaintiff,           :
    vs.                                        :
                                            :
RCN CORPORATION,                    :
                                            :
                   Defendant.       :
-------------------------------------------------------------------x

## AFFIDAVIT OF DAVID FEIGE

**STATE OF NEW YORK**                 )
                                       ) ss.:
**COUNTY OF NEW YORK**            )

       I, David Feige, being duly sworn, deposes and says:

         1.       I am the Plaintiff in the above-captioned action. I submit this affidavit in support of Plaintiff's Memorandum of Law in Opposition to Defendants' Rule 12 (B)(2) Motion to Dismiss.

         2.       I became a subscriber to RCN's Services in or around March 2005. I originated my subscription to RCN's Services by calling RCN's customer service department. I informed the RCN customer service representative who answered my call that I wanted to sign up for a combination of services including phone, internet and cable. My call was transferred to the appropriate line and my call was answered in minutes. I experienced no difficulties subscribing to RCN Services by telephone.

         3.       When I called to cancel my RCN Services, I again called RCN customer

services. When I informed the RCN customer service representative who answered my call that I wanted to cancel my RCN services, I was then transferred to another line and placed on hold for over 30 minutes before the line went dead.

4.    I made a number of subsequent attempts to cancel my RCN services by telephone. When I would attempt to get through directly to the cancellation department, I was invariably put on hold for such extended periods of time that I eventually hung up. As a result, I began to try to reach a customer service representative pressing the option indicating that I wished to add additional services. Those calls were answered within seconds or minutes, but when I indicated that I wished to cancel, each representative explained either that this was not their department, in which case I would transferred back to the interminable hold line, or that the cancellation department was closed. It also appeared that cancellation was impossible during weekends and other non-business hours.

5.    On the rare occasions that I was able to reach a customer service representative, I was also told that they were unable to cancel my account without my making additional payments or speaking to the billing department.

6.    On one occasion I waited more than 40 minutes for someone at RCN to answer my call, after which RCN disconnected the call.

Dated:      February 4, 2008
            New York, New York

David Feige

Sworn to before me this
4th day of February, 2008

Notary Public

CATHERINE E. ANDERSON
Notary Public, State of New York
No. 02AN5079715
Qualified in New York County
Commission Expires 06/09/11

2