UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DAVID FEIGE, On Behalf of Himself and All Other : 
Persons Similarly Situated,
                                                                          :
                                    Plaintiff,                        :   Case No. 07 cv 8539 (AKH)
                                                                          :
                -against-                                           :
                                                                          :
RCN CORPORATION,                                         :
                                                                          :
                                    Defendant.                    :
------------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant RCN Corporation ("RCN") submits this Memorandum of Law in opposition to Plaintiff's motion for reconsideration of the Court's dismissal of his claim under Section 349 of the New York General Business Law ("GBL § 349").

### PRELIMINARY STATEMENT

On December 14, 2007, RCN filed a motion to dismiss Plaintiff's claims pursuant to GBL § 349 and section 202(a) of the Federal Communications Act ("FCA"). By Order dated April 3, 2008, the Court granted RCN's motion. Plaintiff thereafter submitted a letter to the Court, dated April 10, 2008, requesting reconsideration of the Court's ruling in connection with his GBL claim.[1] By endorsed letter filed on April 11, 2008, the Court denied Plaintiff's request for reconsideration stating:

> Plaintiff has failed to allege a "deceptive business practice" in this case, as defined by NY Gen.Bus.L 349(a), or that deft's acts were "misleading in a material way." *See Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000).

---

[1] Plaintiff is not seeking reconsideration of the Court's dismissal of Plaintiff's claim under section 202(a) of the FCA.

On April 14, 2008, Plaintiff submitted a letter to the Court seeking clarification of this ruling. On April 16, 2008, the Court issued an Order Regulating Proceedings, which permitted Plaintiff to move for reconsideration to address "whether, in light of the first cause of action, which alleges a claim under 47 U.S.C. § 201(b) [of the FCA] a claim under GBL § 349 serves any purpose <u>and</u> whether the allegations against defendant, as outlined in Court II of the Complaint, constitute deception by the plaintiff, and are not merely illegal for some other reason." (*See* Order Regulating Proceedings, emphasis added.) The Court further ruled that Plaintiff need not brief the issue of whether intent is a necessary element for stating a GBL § 349 claim "since my April 11, 2008 endorsement found that plaintiff's GBL § 349 claim failed to meet one of the required elements of such a claim under New York law – specifically any legitimate allegation that defendant's conduct was misleading in a material way."

Plaintiff has not demonstrated a legitimate purpose for sustaining his GBL § 349 claim as a separate count in his Complaint. Moreover, the conduct that Plaintiff complains of does not constitute acts of deception. Accordingly, Plaintiff's motion for reconsideration should be denied.

## THE APPLICABLE STANDARD

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Pursuant to Local Civil Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or a factual matter presented to the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See SEC v. Ashbury Capital Partners, L.P.*, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) citing *AT & T Corp. v. Community Network Servs., Inc.*, 2000 WL 1174992, *1 (S.D.N.Y.

2

NYC:172129.2

Aug. 18, 2000) and Local Civil Rule 6.3. "Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Ferrand v. Credit Lyonnais*, 292 F.Supp.2d 518, 520 (S.D.N.Y. 2003) *citing Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

A motion for reconsideration is not intended to permit a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in the underlying motion, nor to obtain a rehearing on the merits with regard to issues already decided. *See Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Thus, the strict parameters of Local Civil Rule 6.3 are designed to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *See Greenblatt v. Gluck*, 265 F.Supp.2d 346, 350 *citing Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988). A court deciding a motion for reconsideration must narrowly construe and strictly apply Local Civil Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (motion for reconsideration should not permit moving party to "reargue those issues already considered when a party does not like the way the original motion was resolved.").

On two separate occasions, this Court held that Plaintiff failed to allege any conduct by RCN that was "misleading in a material way." (*See* Court Orders of April 11, 2008 and April 16, 2008.) While Plaintiff claims that reconsideration is necessary to correct an error and prevent injustice (*see* Plaintiff's Memorandum of Law at 4), his motion fails to establish either an error

3

NYC:172129.2

by the Court or any injustice in proceeding only on his FCA claim. Accordingly, the motion should be denied.

## ARGUMENT

### I. PLAINTIFF'S GBL § 349 CLAIM SERVES NO INDEPENDENT PURPOSE IN RELATION TO HIS FCA CLAIM

Plaintiff claims that his GBL § 349 claim should be permitted because his FCA claim relates only to telephone services and does not apply to cable and internet services. However, as alleged in his Complaint, Plaintiff's GBL § 349 claim does not involve cable and internet services. Plaintiff specifically alleges that "RCN's practices which delay or prevent its customers from cancelling RCN's *telephone services* are deceptive and unfair business practices." (*See* Complaint at ¶ 37, emphasis added.) Moreover, Plaintiff includes among the allegedly deceptive acts that make up his GBL claim RCN's alleged practice of "freezing subscriber telephone numbers." (*See id.*) Accordingly, Plaintiff's claim of deceptive practices under GBL § 349 relates only to RCN's telephone services and thus need not stand as a separate count in Plaintiff's Complaint.

### II. RCN'S ALLEGED CONDUCT AS SET FORTH IN PLAINTIFF'S COMPLAINT DOES NOT CONSTITUTE DECEPTION

In any event, Plaintiff's GBL § 349 claim cannot be sustained because he has failed to allege deceptive conduct. In its Order Regulating Proceedings of April 16, 2008, the Court stated that the motion for reconsideration must address "whether, in light of the first cause of action . . . a claim under GBL § 349 serves any purpose and whether the allegations against defendant . . . constitute deception by the plaintiff, and are not merely illegal for some other reason." (*See* Order Regulating Proceedings, emphasis added.) Plaintiff makes three arguments in an attempt to establish deceptive conduct, all of which lack merit.

NYC:172129.2

A.     **RCN Made No False Representations**

Plaintiff claims that RCN represents in its Terms and Conditions that customers must cancel their service by telephone only. (*See* Complaint at ¶ 23; Plaintiff's Memorandum of Law at 5-6.)  Plaintiff therefore contends that RCN "impliedly has represented (falsely) that consumers may do so simply by placing a telephone call." (*See* Plaintiff's Memorandum of Law at 5-6.) This argument is incorrect for two reasons. First, RCN's Terms and Conditions do not restrict customers to advising RCN of their intention to cancel service by telephone only. RCN's Terms and Conditions simply require that customers provide RCN with some kind of notice of their attention to cancel service.  The relevant provision states that RCN services may be terminated "by Customer, at any time, upon notice to RCN, provided all Equipment is returned immediately to RCN."[2]

Second, even if RCN impliedly represents to customers that they may only cancel service by calling RCN, such representation is not false. Plaintiff does not contend that this method of cancellation is completely unavailable or nonexistent. Rather, Plaintiff merely claims that "it is very difficult" to get through to customer service to cancel a subscription. (*See* Plaintiff's Opposition to RCN's Motion to Dismiss at 2, 6.). There is no dispute that the process for cancelling RCN services by telephone is in place. Unlike the cases that Plaintiff relies upon to support his GBL § 349 claim, there are no acts of misrepresentation or concealment of a material fact by RCN in the present case.

---

[2] A copy of RCN's Terms and Conditions are attached as Exhibit A to the accompanying affidavit of Joseph A. Patella ("Patella Affidavit"). It is appropriate for the Court to consider this document in deciding the present motion since Plaintiff refers to it in his Complaint and relies upon it in try to allege deceptive conduct. *See Schloss v. Danka Business Systems, PLC*, 2000 WL 282791 (S.D.N.Y. 2000) *citing I. Meyer Pincus & Assocs. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) ("While a motion to dismiss is ordinarily addressed to the allegations of the pleading, courts may consider documents that are not attached to a pleading if they are referenced in the pleading and are important to the claim.")

NYC:172129.2

Plaintiff cites *Relativity Travel, Ltd. v. J.P. Morgan Chase Bank*, 2006 WL 2918081 (Sup. Ct. N.Y. Co. Feb. 14, 2006) to argue that a GBL § 349 violation can be found in connection with a party's "overall business practices." However, Plaintiff fails to acknowledge that each of the specific business practices at issue in that case involved the concealment of a material fact. Specifically, the defendant bank did not disclose a hidden surcharge on its customer account statements; buried disclosure of this surcharge in a standard form account agreement that is "an extremely long, prolix and complex document containing over 25 pages of fine print;" and failed to advise customer service representatives of the existence of the surcharge. *Id.* at *1 - *2.[3] Here, there is no claim that RCN failed to disclose any of its business practices.[4] Accordingly, Plaintiff has not alleged deceptive conduct and thus his GBL § 349 claim fails.

B. **RCN's Billing Practices are not Deceptive**

Plaintiff further contends that RCN acted deceptively in billing customers for services they no longer want. This argument is misguided since Plaintiff knew he was being billed for RCN services and was in fact receiving the benefit of these services throughout the time he made payments to RCN. In contrast, GBL § 349 claims have been upheld when customers are billed for charges without their knowledge. *See Bildstein v. Mastercard Int'l, Inc.*, 2005 WL 1324972 (S.D.N.Y. June 6, 2005) (finding actionable deception where Complaint alleged that MasterCard went to great efforts to conceal foreign currency transaction fee by embedding it in the currency

---

[3] Plaintiff's reliance on *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995) and *McGill v. General Motors Corp.*, 231 A.D.2d 449, 647 N.Y.S.2d 209 (1st Dep't 1996) is similarly misplaced as these cases involve respectively the failure to disclose customer bank account limitations on earning interest and the failure to disclose a defect in the brake system of certain automobiles.

[4] Plaintiff argues that RCN fails to disclose that customers may be placed on hold when calling customer service. Apart from being a self-evident and inescapable reality in this and other industries, Plaintiff cites no authority to establish that RCN is required to disclose its "wait times" to customers.

conversion rate and failing to disclose its existence); *see also Relativity Travel, supra.* GBL § 349 claims have also been upheld when customers are charged for services they did not receive. For example, in *People by Vacco v. Lipsitz*, 174 Misc.2d 571, 663 N.Y.S.2d 468 (Sup. Ct. N.Y. Co. 1997), defendant purported to sell magazine subscriptions over the internet when in fact he "was simply pocketing the subscription money" without providing the requested service. *Id.* at 574. Similarly, in *Negrin v. Norwest Mortgage, Inc.*, 263 A.D.2d 39, 700 N.Y.S.2d 184 (2d Dep't 1999), defendant mortgagee unilaterally imposed fees in connection with a mortgage payoff for services it did not perform. Plaintiff's reliance on *Prado v. Novello*, 301 A.D.2d 692, 754 N.Y.S.2d 390 (3d Dep't 2003) is misplaced for the same reasons. In *Prado*, which did not even involve a GBL § 349 claim, a plastic surgeon's billing practices demonstrated "deliberate deceit." *Id.* at 694. Specifically, the surgeon submitted false reports of treatment provided to patients in order to obtain payment from the patients' health insurers. *Id.*

Plaintiff does not dispute that RCN provided services to him throughout the time that RCN billed him for such services. Moreover, Plaintiff does not claim that RCN billed charges to him without his knowledge. Accordingly, there is no basis for Plaintiff to contend that RCN engaged in deceptive billing practices.[5]

C. **<u>An Unlawful Act is not Per Se Deceptive</u>**

In a final attempt to establish deceptive conduct on the part of RCN, Plaintiff incorrectly argues that the element of deception under GBL § 349 is satisfied when "the defendant's acts are

---

[5] Plaintiff tries to compare his allegations against RCN to a situation in which a retailer offers a 30-day money back guarantee but fails to staff the return desk. Such a situation is not at all similar to the present matter. Plaintiff does not allege that RCN imposes time restrictions on when a customer may cancel service. Moreover, Plaintiff does not allege that RCN's customer service is inadequately staffed. However, were Plaintiff to make such an allegation, it would not amount to deceptive conduct. Additionally, Plaintiff's recollection of the Court's comments during the April 11, 2008 status conference is not accurate. At no point did the Court indicate that Plaintiff's GBL claim "raises factual issues which preclude dismissal at this stage of the litigation." (*See* Plaintiff's Memorandum of Law at 8.) Indeed, the Court has indicated otherwise based upon its ruling on RCN's motion to dismiss and subsequent orders related thereto.

otherwise unlawful and in violation of a statute or regulation aimed at protecting consumers." (*See* Plaintiff's Memorandum of Law at 9.) None of the cases cited by Plaintiff support such a broad proposition. A statutory violation has been found to satisfy the deceptive element of a GBL § 349 claim only if the violation itself involves deceptive conduct. Plaintiff relies upon cases in which the statutory violation involved the charging of illegal fees to consumers. *See Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111 (2d Cir. 2007) (bank charged fees in connection with refinancing of customer's home mortgage loan that violated Real Estate Settlement Procedures Act); *Kidd v. Delta Funding Corp.*, 2000 N.Y. Misc. LEXIS 29 (Sup. Ct. N.Y. Co. Feb. 22, 2000) (defendants charged illegal mortgage processing fees in violation of various state regulations); *see also Walts v. First Union*, 259 A.D.2d 322, 686 N.Y.S.2d 428 (1st Dep't 1999) (improper billing of purchase mortgage insurance premiums in violation of New York Insurance Law). *Walts* actually supports RCN's position. There, the court found that plaintiffs stated a GBL § 349 claim against two of their loan servicers for improperly billing plaintiffs for purchase mortgage insurance premiums in violation of state law. However, the court also dismissed as a matter of law plaintiff's GBL § 349 claim against a third loan servicer where "plaintiffs have not alleged any misrepresentation" by this party. *Id.* at 323.[6]

Plaintiff tries to argue that because he has stated a claim under section 201(b) of the FCA in the first count of his complaint, he has stated a claim for deceptive conduct under GBL § 349. However, Plaintiff's FCA claim does not involve the billing of illegal fees nor the making of false or misleading representations. Section 201(b) of the FCA imposes a reasonableness

---

[6] Plaintiff cites two small claims court decisions which also support RCN's position, as the underlying statutory violations in those cases involved a failure to disclose material facts which does not exist here. *See Carney v. Coull Building Inspections, Inc.*, 16 Misc.3d 1114(A), 847 N.Y.S.2d 895 (Civ. Ct. Richmond Co. June 8, 2007) (building inspector's failure to disclose license status and clarify date of inspection and issuance of report); *Amiekumo v. Vanbro Motors, Inc.*, 3 Misc.3d 1101(A); 787 N.Y.S.2d 675 (Civ. Ct. Richmond Co. 2004) (failure of auto dealer to comply with disclosure requirements of statute governing layaway plans).

8

standard on telecommunication providers in establishing rates and terms and conditions of service.[7] Thus, unlike the cases relied upon by Plaintiff, a successful outcome on the underlying statutory claim (i.e. a finding that RCN did not act reasonable under the FCA), does not equate to deceptive conduct. Moreover, by failing to allege deceptive conduct as discussed above, Plaintiff's GBL § 349 claim is nothing more than duplicative of his FCA claim. Accordingly, Plaintiff's claim under GBL § 349 cannot stand.

### III. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiff should not be permitted to amend his Complaint. As a preliminary matter, Plaintiff did not alternatively request such relief in response to RCN's original motion to dismiss and such request should not be considered now. Moreover, as this Court has given Plaintiff a second chance to demonstrate deceptive conduct through the present motion for reconsideration, he should not be given a third. Additionally, Plaintiff provides no specifics as to what new information the amended pleading would contain. This is understandable since Plaintiff has pled all of the relevant facts and the question of deceptive conduct can be determined by applying the appropriate law to these facts. Accordingly, any amendment would be futile and thus should not be permitted. *See Kolbeck v. LIT America, Inc.*, 939 F.Supp 240 (S.D.N.Y 1996) (leave to amend should be denied when the amendment would be futile).

---

[7] Section 201 of the FCA prescribes that "[a]ll charges, practices, classifications, and regulations for and in connection with [tele]communication services, shall be just and reasonable. 47 U.S.C. § 201(b).

NYC:172129.2

## CONCLUSION

For the foregoing reasons, RCN respectfully requests that Plaintiff's motion for reconsideration of this Court's dismissal of Plaintiff's GBL § 349 claim be denied in all respects.

Dated: May 19, 2008

ANDREWS KURTH LLP

By: /s/ Joseph A. Patella
Lynne M. Fischman Uniman (LU6750)
Joseph A. Patella (JP3196)
Attorneys for RCN Corporation
450 Lexington Avenue
New York, New York 10017
(212) 850-2800